**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John William FRY, Defendant– Appellant.**

**No. 01–17455.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2003.[*]

Filed March 18, 2003.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Karen C. Winckler, Wright Judd & Winckler, Las Vegas, NV, for the appellant.

Daniel G. Bogden, United States Attorney for the District of Nevada, and Michael S. McGarry, Fraud Section, Criminal Division, United States Department of Justice, for the appellee.

Before SCHROEDER, Chief Judge, GOODWIN and CLIFTON, Circuit Judges.

## OPINION

CLIFTON, Circuit Judge.

John William Fry sought habeas relief under 28 U.S.C. § 2255, arguing that his counsel had ineffectively assisted him by not informing him that he could be deported if convicted, and by not objecting to the district court's use of a preponderance-of-the-evidence standard at sentencing. The district court denied the petition. We affirm.

## I. BACKGROUND

Fry was a salesperson at Legendary Concepts, where he participated in a fraudulent telemarketing scheme. In April 1997, he was convicted by a jury of conspiracy to commit wire fraud, of wire fraud, and of aiding and abetting. At sentencing, the district court found by a preponderance of the evidence that the amount of loss attributable to Fry was $4,822,279, resulting in an increase of thirteen levels under the sentencing guidelines. The court sentenced Fry to 46 months of imprisonment and ordered restitution in the amount of $1,928,911. We affirmed Fry's conviction and sentence on appeal. *United States v. Hanley*, 190 F.3d 1017 (9th Cir.1999).

In June 2000, the Immigration and Naturalization Service began proceedings to deport Fry, a Canadian citizen, for having been convicted of an aggravated felony.

Fry petitioned for habeas relief on the relevant grounds that his counsel had inef-

fectively represented him (1) by not informing him that he could be deported if convicted, and (2) by not objecting to or appealing the district court's use of a preponderance-of-the-evidence standard at sentencing. After a two-day evidentiary hearing, the district court denied the petition. Fry timely appealed.

## II. DISCUSSION

■ We review the denial of Fry's § 2255 motion *de novo. See Sanders v. Ratelle,* 21 F.3d 1446, 1451 (9th Cir.1994). We accept the district court's findings of fact unless clearly erroneous. *Id.* at 1452; Fed.R.Civ.P. 52(a). To establish ineffective assistance of counsel, Fry must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

A. Fry's Trial Counsel Did Not Perform Deficiently by Failing to Inform Fry of Deportation Consequences.

■ Fry's trial counsel did not perform deficiently by failing to inform Fry that he could be deported if convicted at trial. The performance was deficient only if it "fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. 2052. We have yet to address directly the question of whether or not counsel performs deficiently by failing to advise a defendant of immigration consequences of a conviction. All other circuits to address the question have concluded that "deportation is a collateral consequence of the criminal process and hence the failure to advise does not amount to ineffective assistance of coun-

sel." *United States v. Banda,* 1 F.3d 354, 356 (5th Cir.1993); *accord United States v. Gonzalez,* 202 F.3d 20, 25 (1st Cir.2000); *Varela v. Kaiser,* 976 F.2d 1357, 1358 (10th Cir.1992), *cert. denied,* 507 U.S. 1039, 113 S.Ct. 1869, 123 L.Ed.2d 489 (1993); *United States v. Del Rosario,* 902 F.2d 55, 59 (D.C.Cir.1990), *cert. denied,* 498 U.S. 942, 111 S.Ct. 352, 112 L.Ed.2d 316 (1990); *Santos v. Kolb,* 880 F.2d 941, 945 (7th Cir.1989), *cert. denied,* 493 U.S. 1059, 110 S.Ct. 873, 107 L.Ed.2d 956 (1990); *United States v. Yearwood,* 863 F.2d 6, 7–8 (4th Cir.1988); *United States v. Campbell,* 778 F.2d 764, 769 (11th Cir.1985); *United States v. Santelises,* 509 F.2d 703, 704 (2d Cir.1975)(*per curiam* ).

Like those courts, we have held that deportation is a collateral, not direct, consequence of the criminal process.[1] *Fruchtman v. Kenton,* 531 F.2d 946, 949 (9th Cir.1976); *see also United States v. Amador–Leal,* 276 F.3d 511, 513–17 (9th Cir.2002)(holding that *Fruchtman* remains good law). We have also held that counsel's failure to advise a defendant of a collateral penalty is not objectively unreasonable and therefore does not amount to ineffective assistance. *Torrey,* 842 F.2d at 237. This line of authority in our circuit compels holding, consistent with our sister circuits, that counsel's failure to advise a defendant of collateral immigration consequences of the criminal process does not violate the Sixth Amendment right to effective assistance of counsel.

Our holding is not altered by *INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), in which the Supreme Court held that certain statutory provisions repealing discretionary relief from

---

**1.** "The distinction between a direct and collateral consequence of a plea turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." *Torrey v. Estelle,* 842 F.2d 234, 236 (9th Cir.1988) (citation and internal quotation marks omitted). "In many cases, the determination that a particular consequence is 'collateral' has rested on the fact that it was in the hands of another government agency or in the hands of the defendant himself." *Id.*

deportation did not apply retroactively to aliens who had pled guilty to aggravated felonies in reliance on the possibility of discretionary relief. *St. Cyr* did not involve the effectiveness of counsel's representation. The observation "that, as a general matter, alien defendants considering whether to enter into a plea agreement are acutely aware of the immigration consequences of their convictions," *id.* at 322, 121 S.Ct. 2271, does not alter the fact that immigration consequences are collateral. *See Amador–Leal,* 276 F.3d at 517 (holding that immigration consequences, although important to alien defendants, are collateral).

> B. Fry Demonstrates No Prejudice from His Counsels' Failures to Object to the Standard of Proof Used at Sentencing.

 Normally, the government must prove sentence-enhancing factors by only a preponderance of the evidence. *United States v. Romero–Rendon,* 220 F.3d 1159, 1160 (9th Cir.2000). But " 'when a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction,' the government may have to satisfy a 'clear and convincing' standard." *United States v. Hopper,* 177 F.3d 824, 833 (9th Cir.1999)(quoting *United States v. Restrepo,* 946 F.2d 654, 659 (9th Cir.1991)(*en banc* )). Fry submits (1) that his trial counsel ineffectively represented him at sentencing by not objecting to the district court's use of the preponderance standard instead of the clear-and-convincing standard, and (2) that his appellate counsel ineffectively represented him by not appealing the district court's use of the preponderance standard. We reject these claims.

Even if Fry's counsel performed deficiently (an issue we need not decide), Fry's claims fail because he does not "affirmatively prove prejudice" from the dis-

trict court's application of the preponderance standard. *Strickland,* 466 U.S. at 693, 104 S.Ct. 2052. Nowhere does Fry specify what evidence weighed in his favor at sentencing or demonstrate how the weight of that evidence precluded the government from meeting the clear-and-convincing standard. He complains that the district court should have allowed him to present evidence at his habeas hearing, but he does not say what evidence he would have presented. Nor does he explain why a different sentence would result if the case were remanded for resentencing. Notably, the district court concluded at the habeas hearing that the evidence against Fry met the clear-and-convincing standard anyway. In sum, Fry has fallen far short of"[meeting] the burden of showing that the [sentence ] reached would reasonably likely have been different absent the errors." *Id.* at 696, 104 S.Ct. 2052.

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.