**Russell David BARTLOW, Petitioner—Appellant,**

v.

**UNITED STATES of America, Respondent—Appellee.**

No. 01–16120.

D.C. Nos. CV–00–03590–CAL, CR–98–00410–CAL.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 2003.*

Decided Nov. 13, 2003.

Russell David Bartlow, pro se, Atwater, CA, for Petitioner–Appellant.

Matthew J. Jacobs, Esq., USSF–Office of the U.S. Attorney, San Francisco, CA, for Respondent–Appellee.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Russell David Bartlow appeals the denial of his 28 U.S.C. § 2255 motion to set aside his sentence imposed after he pleaded guilty to three counts of armed bank robbery and one count of using a firearm during a crime of violence. We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.

DISCUSSION

The Government contends we lack jurisdiction because Bartlow failed to file a timely notice of appeal. We disagree. *Andrade v. Attorney General of California,* 270 F.3d 743, 752 (9th Cir.2001), *rev'd on other grounds,* 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), permits us to treat a pro se prisoner's timely motion for an extension of time as "the functional equivalent of a notice of appeal." The Government also submits that Bartlow is improperly seeking review of issues barred by the plea agreement and beyond the scope of the certificate of appealability.

We conclude, however, that we may review issues that are within the context of Bartlow's claim of ineffective assistance of counsel.

To establish ineffective assistance of counsel, Bartlow must show that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. *See United States v. Fry,* 322 F.3d 1198, 1200 (9th Cir.2003). His claim fails on both grounds. The record indicates that Bartlow's attorney negotiated a plea agreement that substantially reduced Bartlow's potential term of imprisonment. Moreover, the issues that Bartlow now raises were either argued by counsel or are meritless. In sum, the record indicates that Bartlow's attorney was competent and that Bartlow benefitted from the representation.

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.