UNITED STATES of America, Plaintiff—Appellee,

v.

Michael Anthony BLISS, Defendant— Appellant.

No. 02–56362.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 1, 2003.

Decided Dec. 17, 2003.

Ronald L. Cheng, Esq., Becky S. Walker, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Christopher J. Cannon, Esq., Sugarman & Cannon, San Francisco, CA, for Defendant–Appellant.

Before: PREGERSON, COWEN,* and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Michael Anthony Bliss appeals the district court's denial of his 28 U.S.C. § 2255

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

habeas corpus petition, whereby Bliss sought to withdraw his guilty plea on the ground that he received ineffective assistance of counsel that rendered his guilty plea involuntary. We review a district court's decision to deny or grant a motion under 28 U.S.C. § 2255 de novo. *See United States v. Fry,* 322 F.3d 1198, 1200 (9th Cir.2003). Whether a defendant received ineffective assistance of counsel is also reviewed de novo. *See United States v. Alaimalo,* 313 F.3d 1188, 1191 (9th Cir. 2002). We reverse.

Because he pled guilty, Bliss cannot raise any claim of a constitutional violation that occurred prior to entry of that plea. *See Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Rather, Bliss can only raise a constitutional claim to support his assertion that his plea was not knowing and voluntary. To prevail on this claim, Bliss must meet the requirements set out in *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hill v. Lockhart,* 474 U.S. 52, 58–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Bliss must establish (a) that his counsel's representation was outside the wide range of professionally competent assistance, and (b) that Bliss was prejudiced by reason of his counsel's representation. *Strickland,* 466 U.S. at 687–88, 694. To demonstrate prejudice where the defendant has pled guilty, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have [pled] guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59.

Bliss has established that, on the day his trial was to begin, his attorney was unprepared to defend him, because the attorney had not conducted a reasonable investiga-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion and had no strategic reason for failing to do so. *See Hendricks v. Vasquez,* 974 F.2d 1099, 1109 (9th Cir.1992). The attorney's lack of preparation was only exacerbated by the district court's rigid and repeated refusal to grant a continuance. Thus, Bliss faced a Hobson's choice: proceed to trial with unprepared counsel and risk a life sentence or plead guilty and receive a lesser sentence. Believing his counsel's lack of preparation made conviction likely, Bliss pled guilty to avoid a life term. That Bliss chose the latter course cannot be called "voluntary" under the facts here.[1] *See United States v. Moore,* 599 F.2d 310, 313 (9th Cir.1979) ("A plea entered because counsel is unprepared for trial is involuntary.").

Accordingly, we REVERSE the district court's denial of Bliss' habeas petition and REMAND to the district court for a new trial.

---

1. Because we conclude that Bliss' plea was involuntary, we do not reach the issue of whether an alleged conflict of interest between Bliss and his counsel resulted in ineffective assistance of counsel at sentencing.