UNITED STATES of America,
Plaintiff—Appellee,

v.

Jesse Manuel DUMBRIQUE, aka Jesse
Garcia, Defendant—Appellant.

No. 00–56150.

United States Court of Appeals,
Ninth Circuit.

Submitted March 1, 2004.*

Decided March 8, 2004.

Brian M. Hoffstadt, Esq., Office of the U.S. Attorney, Los Angeles, CA, David A. Hoffer, Esq., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Gerson Simon, Los Angeles, CA, Jesse Manuel Dumbrique, Leavenworth, KS, for Defendant–Appellant.

Before: SILVERMAN, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Federal prisoner Jesse Manuel Dumbrique appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his convictions for use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). We have jurisdiction pursuant to 28 U.S.C. § 2253 and review de novo the district court's denial of the § 2255 motion. *United States v. Fry*, 322 F.3d 1198, 1200 (9th Cir.2003). We affirm.

The defendant has moved to expand the certificate of appealability to include two claims that the indictment was duplicitous and there was a fatal variance in the pleadings. To obtain a COA, the defendant must establish "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 335–37, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). We deny the motion to expand the COA because the defendant waived both claims by not raising them to the district court in the § 2255 motion.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990).

The defendant argues that the trial court erred in instructing the jury that bank robbery continues through the escape phase of the robbery. We will not consider this claim because it was raised and decided, albeit implicitly, on direct appeal. See United States v. Redd, 759 F.2d 699, 701 (per curiam) (9th Cir.1985).

The defendant argues that the "use of a firearm" jury instruction violated due process and constructively amended the indictment because the instruction failed to define use of a firearm as "active employment." See Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Because the defendant procedurally defaulted on these claims by failing to raise them during supplemental briefing on direct appeal, he must establish cause and prejudice or a fundamental miscarriage of justice before this court will consider the merits of the claims. United States v. Ratigan, 351 F.3d 957, 964 (9th Cir.2003).

The defendant argues that ineffective assistance of appellate counsel establishes cause and prejudice that would excuse his procedural default. However, the defendant cannot establish ineffective assistance of counsel if his claims would not have succeeded on appeal. Turner v. Calderon, 281 F.3d 851, 872 (9th Cir.2002). Neither of these claims would have survived plain error review because the evidence at trial established that the defendant used a firearm, as defined by Bailey, during both robberies. Because the defendant used a firearm during both robberies, he also cannot establish that a fundamental miscarriage of justice would excuse his procedural default because he is actually innocent.

Similarly, the defendant's ineffective assistance of appellate counsel claims fail because the defendant was charged with using a firearm and used a firearm, within the meaning of Bailey, in both robberies. None of the claims would have succeeded on plain error review on direct appeal. AFFIRMED.