Juan Carlos DIAZ, Petitioner—Appellant,

v.

R.Q. HICKMAN, Warden, Respondent—Appellee.

No. 03–55734.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 7, 2004.*

Decided June 22, 2004.

Juan Carlos Diaz, Ione, CA, pro se.

Margaret E. Maxwell, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

California state prisoner Juan Carlos Diaz appeals pro se the district court's denial of his habeas petition, filed under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Diaz argues several matters not in his certificate of appealability ("COA"), and moves to expand the COA to include them. We deny his motion to expand the COA.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth·Circuit Rule 36–3.

Diaz is procedurally barred from raising his due process claim because he did not present it to the state court. *See Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir.1999) (per curiam). He has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), regarding the denial of his motion to dismiss his attorney and represent himself.

Diaz was granted a COA regarding "whether the trial court's failure to give a jury instruction on voluntary intoxication was not harmless error." We review de novo the district court's conclusion that the state appeal court adjudication (concluding that the error was harmless) was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" and was not "based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." *See* 28 U.S.C. § 2254(d); *United States v. Fry,* 322 F.3d 1198, 1200 (9th Cir.2003).

There was ample evidence that Diaz participated in extensive planning and searching for a gang clique member to kill, and that he was fully aware of the gunman's intent before, during and after the shooting. It was not contrary to clearly established federal law or an unreasonable determination of the facts for the state court to conclude that even if the jury had been given the omitted instruction, it was not reasonably probable that the jury would have concluded that Diaz did not have the specific intent required for conviction of aiding and abetting. Diaz has not shown that the instructional error had a substantial and injurious effect on the jury's verdict. *See Brecht v. Abramson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Bains v. Cambra,* 204 F.3d 964, 977 (9th Cir.2000).

MOTION TO EXPAND DENIED.

AFFIRMED.