**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Richard Edward RUPLEY, Sr.; Dwain Allen Baker; Edward Lee Baker,
Defendants—Appellants.**

No. 03–15153.

D.C. Nos. CV–98–00672–ECR/PHA, CR–86–00049–ECR, CV–98–00676–ECR/PHA, CR–86–00049–ECR, CV–98–00677–ECR/PHA, CR–86–00049–ECR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 2004.

Decided Aug. 2, 2004.

Jennifer P. Noble, Ronald C. Raychow, Esq., Daniel G. Bogden, Esq., L. Anthony White, U.S. Attorney Office, Reno, NV, Gregory J. Damm, Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Fred "Pete" Gibson, III, Esq., Brad M. Johnston, N. Patrick Flanagan, III, Esq., Hale Lane Peek Dennison Howard, Reno, NV, for Defendants–Appellants.

Before FERNANDEZ, PAEZ, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Petitioners Richard Rupley, Sr., Dwain Baker, and Edward Baker appeal the district court's denial of their 28 U.S.C. § 2255 motions challenging their convictions. We affirm. As the parties are familiar with the facts, procedural history, and arguments, we cite them only as necessary.

We review a district court's decision to grant or deny a federal prisoner's 28 U.S.C. § 2255 motion de novo. *See United States v. Fry,* 322 F.3d 1198, 1200 (9th Cir.2003). We review the court's factual findings underlying its decision for clear error. *See United States v. Alaimalo,* 313 F.3d 1188, 1191 (9th Cir.2002).

■ We are not persuaded by Petitioners' contention that a secret romantic relationship between a court bailiff and a juror violated their right to a fair and independent jury. The district court conducted a week-long evidentiary hearing in accordance with *Remmer v. United States,* 347 U.S. 227, 230, 74 S.Ct. 450, 98 L.Ed. 654 (1954). It did not clearly err in its finding that there was no evidence, or evidence from which an inference could be drawn, that (1) there was any effort to influence the juror or any other juror in regard to the jury verdict, (2) that any extrinsic or extraneous information that concerned the facts or the law of the case was provided to any juror, or (3) that the juror's impartiality could be questioned.

The district court therefore correctly concluded that the instant case was one of ex-parte contacts, which required Petitioners to prove actual prejudice. *Sea Hawk Seafoods, Inc. v. Alyeska Pipeline Serv.,* 206 F.3d 900, 906 (9th Cir.2000). Because we accord substantial weight to the trial judge's conclusion about the effect of the alleged jury misconduct, *see United States v. Saya,* 247 F.3d 929, 937 (9th Cir.2001), we hold that Petitioners failed to show actual prejudice.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ Nor does this case fall into the category of extraordinary cases where we have found that a presumption of bias applies. There is no evidence in the record to indicate that (1) the juror lied during voir dire to secure a seat on the jury, (2) that she or any of her close relatives had experiences related to the charges the defendants faced in the Company trial, (3) that she had a personal connection with any of the defendants, or (4) that the juror's impartiality was influenced in any way. Petitioners fail to point to any actual evidence that would suggest otherwise.

We also reject Petitioners' contentions that the district court erred in dismissing Grounds One and Two of their habeas motions without either permitting additional discovery, or holding an evidentiary hearing.

■ With regard to Petitioners' allegation that the government suppressed exculpatory evidence in violation of *Brady*, we note that this court rejected this claim on direct appeal. *See United States v. Baker*, 10 F.3d 1374, 1414–15 (9th Cir. 1993), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053, 1059 (9th Cir.2000). It is well-settled that the Sixth Amendment does *not* "provide[ ] a defendant with a right to demand use immunity for defense witnesses who invoke their privilege against self-incrimination." *United States v. Brutzman*, 731 F.2d 1449, 1451–52 (9th Cir.1984), *overruling on other grounds recognized by United States v. Booth*, 309 F.3d 566 (9th Cir.2002). Petitioners do not provide any evidence that the government here coerced or prompted any of the witnesses to exercise their Fifth Amendment privileges. Moreover, even if there had been a Sixth Amendment violation, it would have been harmless because neither Rupley nor the Bakers were actually charged with Osick's murder. When the government's misconduct could not have materially affected a defendant's trial, there can be no *Brady* violation. *See United States v. Bagley*, 473 U.S. 667, 677–78, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

■ Petitioners' other claim that the government used false testimony is similarly flawed. Charges concerning the Petitioners' attempted murder of Agent O'Kunieweicz were dismissed and thus, the government's use of Bancroft's testimony could not have materially affected the jury's verdict. Furthermore, a continuing criminal enterprise defendant may be found guilty under 21 U.S.C. § 848 as a "kingpin" so long as the defendant was an "organizer, supervisor or manager" in the predicate offenses. *Baker*, 10 F.3d at 1409. This is true even if that same defendant may have been a subordinate in another predicate offense. *Id.* Nowhere do Petitioners allege that the government portrayed them as the organizer of a crime in one trial, while portraying them as a subordinate in the same crime in a different trial.

Under these circumstances, the district court did not err either in denying further discovery, or in refusing to hold an evidentiary hearing. *See Hayes v. Woodford*, 301 F.3d 1054, 1065 n. 6 (9th Cir.2002) (noting discovery is available "only in the discretion of the court and for good cause"); *Hendricks v. Vasquez*, 974 F.2d 1099, 1103 (9th Cir.1992) (noting that a habeas petitioner is entitled to an evidentiary hearing only if his allegations would entitle him to relief in the first place).

AFFIRMED.