John Lawrence BONNENFANT,
Petitioner—Appellant,

v.

UNITED STATES of America,
Respondent—Appellee.

No. 03–15201.
D.C. No. CV–97–00243–ECR,
CR–86–00049–ECR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 2004.

Decided Aug. 2, 2004.

Marc Picker, Reno, NV, for Petitioner–
Appellant.

Daniel G. Bogden, L. Anthony White,
Office of the U.S. Attorney, Reno, NV,
Gregory J. Damm, Office of the U.S. At-

torney, Las Vegas, NV, for Respondent–Appellee.

Before FERNANDEZ, PAEZ, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Defendant John L. Bonnenfant appeals the district court's denial of his motion under 28 U.S.C. § 2255 challenging his conviction.[1] We affirm. As the parties are familiar with the facts and procedural history, we will not recount them here.

We review a district court's decision to grant or deny a federal prisoner's 28 U.S.C. § 2255 motion de novo. *See United States v. Fry,* 322 F.3d 1198, 1200 (9th Cir.2003). We review the court's factual findings underlying its decision on a § 2255 motion for clear error. *See United States v. Alaimalo,* 313 F.3d 1188, 1191 (9th Cir.2002).

■ We are not persuaded by Bonnenfant's contention that a secret romantic relationship between a court bailiff and a juror violated his right to a fair and independent jury. The district court conducted a week-long evidentiary hearing in accordance with *Remmer v. United States,* 347 U.S. 227, 230, 74 S.Ct. 450, 98 L.Ed. 654 (1954). It did not clearly err in its finding that there was no evidence, or evidence from which an inference could be drawn, that (1) there was any effort to influence the juror or any other juror in regard to the jury verdict, (2) that any extrinsic or extraneous information that

concerned the facts or the law of the case was provided to any juror, or (3) that the juror's impartiality could be questioned.

The district court therefore correctly concluded that the instant case was one of ex-parte contacts, which required Bonnenfant to prove actual prejudice. *Sea Hawk Seafoods, Inc. v. Alyeska Pipeline Serv.,* 206 F.3d 900, 906 (9th Cir.2000). Because we accord substantial weight to the trial judge's conclusion about the effect of the alleged jury misconduct, *see United States v. Saya,* 247 F.3d 929, 937 (9th Cir.2001), we hold that Bonnenfant failed to show actual prejudice.

■ Nor does this case fall into the category of extraordinary cases where we have found that a presumption of bias applies. There is no evidence in the record to indicate that (1) the juror lied during voir dire to secure a seat on the jury, (2) that she or any of her close relatives had experiences related to the charges the defendants faced in the Company trial, (3) that she had a personal connection with any of the defendants, or (4) that the juror's impartiality was influenced in any way. Bonnenfant fails to point to any actual evidence that would suggest otherwise.

We also reject Bonnenfant's contention that the district court erred in dismissing additional claims in his habeas motion without either permitting additional discovery, or holding an evidentiary hearing.

■ With regard to Bonnenfant's allegation that the government suppressed exculpatory evidence in violation of *Brady,* we note that this court rejected this claim

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We treat the district court's December 17, 2002 "Judgment in a Criminal Case" as a final judgment with respect to Bonnenfant. Accordingly, Bonnenfant's January 21, 2003 notice of appeal was timely filed.

on direct appeal. *See United States v. Baker*, 10 F.3d 1374, 1414–15 (9th Cir. 1993), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053, 1059 (9th Cir.2000). It is well-settled that the Sixth Amendment does *not* "provide[ ] a defendant with a right to demand use immunity for defense witnesses who invoke their privilege against self-incrimination." *United States v. Brutzman*, 731 F.2d 1449, 1451–52 (9th Cir.1984), *overruling on other grounds recognized by United States v. Booth*, 309 F.3d 566 (9th Cir.2002). Bonnenfant does not provide any evidence that the government here coerced or prompted any of the witnesses to exercise their Fifth Amendment privileges. Moreover, even if there had been a Sixth Amendment violation, it would have been harmless because Bonnenfant was never actually charged with Osick's murder. When the government's misconduct could not have materially affected a defendant's trial, there can be no *Brady* violation. *See United States v. Bagley*, 473 U.S. 667, 677–78, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

██ Bonnenfant's other claim that the government used false testimony is similarly flawed. Charges concerning the attempted murder of Agent O'Kunieweicz were dismissed and thus, the government's use of Bancroft's testimony could not have materially affected the jury's verdict. Furthermore, a continuing criminal enterprise defendant may be found guilty under 21 U.S.C. § 848 as a "kingpin" so long as the defendant was an "organizer, supervisor or manager" in the predicate offenses. *Baker*, 10 F.3d at 1409. This is true even if that same defendant may have been a subordinate in another predicate offense. *Id.* Nowhere does Bonnenfant allege that the government portrayed him as the organizer of a crime in one trial, while portraying him as a subordinate in the same crime in a different trial.

Under these circumstances, the district court did not err either in denying further discovery, or in refusing to hold an evidentiary hearing. *See Hayes v. Woodford*, 301 F.3d 1054, 1065 n. 6 (9th Cir.2002) (noting discovery is available "only in the discretion of the court and for good cause"); *Hendricks v. Vasquez*, 974 F.2d 1099, 1103 (9th Cir.1992) (noting that a habeas petitioner is entitled to an evidentiary hearing only if his allegations would entitle him to relief in the first place).

AFFIRMED.