## UNITED STATES of America, Plaintiff—Appellee,

v.

## Walter Richard BIEDER, Defendant— Appellant.

No. 02–55403.

D.C. Nos. CV–01–00321–JNK, CR–98–01547–JNK.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 27, 2004.

USSD, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Walter Richard Bieder, Florence, CO, for Defendant–Appellant.

Before PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM**

Federal prisoner Walter Richard Bieder appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). We review de novo, *United States v. Fry*, 322 F.3d 1198, 1200 (9th Cir.2003), and affirm.

Bieder contends that he received ineffective assistance of trial counsel because his attorney failed to prepare adequately for trial. In order to prevail on his claims, Bieder must show that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 686–87, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As found by the district court, Bieder cannot show his counsel's representation fell below an objective standard of reasonableness because Bieder does not identify material, specific errors or omissions resulting from the alleged lack of preparation. *See United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir.1991).

Bieder contends next that counsel represented him ineffectively by stipulating to the chain of custody of evidence seized from his car at the border. We disagree. As the district court found, the stipulation eliminated unnecessary witnesses and secured a tactical advantage for the defense. Therefore, Bieder did not receive deficient representation. *See Molina*, 934 F.2d at 1447.

Bieder also raises three claims for the first time before this court. Absent plain error, we will not review claims brought for the first time on appeal. As the district court's decision was not plain error, see *United States v. Antonakeas*, 255 F.3d 714, 727 (9th Cir.2001), and does not fall within any of the other exceptions to the general rule that this court will not address issues not first raised before the district court, see *Bolker v. Commissioner*, 760 F.2d 1039, 1042 (9th Cir.1985), we decline to reach these claims.

**AFFIRMED.**

---

Fed. R.App. P. 34(a)(2). Therefore, Bieder's request for oral argument is denied.
** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

