**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Michael J. WICK, Defendant—
Appellant.**

**No. 04–15956.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2005.

Decided March 28, 2005.

---

\* The Honorable John R. Gibson, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Defendant also appeals his sentence. By separate order we defer consideration of the sentencing issues.

Robert E. Lindsay, Esq., Alan Hecht-kopf, S. Robert Lyons, Esq., DOJ–U.S. Department of Justice Tax Division, Washington, DC, for Plaintiff–Appellee.

Steven B. Duke, Esq., New Haven, CT, for Defendant–Appellant.

Before: THOMAS, GRABER, and PAEZ, Circuit Judges.

### MEMORANDUM *

Michael Wick appeals the denial of his motion under 28 U.S.C. § 2255 to vacate his conviction for tax evasion, 26 U.S.C. § 7201, and for aiding the preparation of false corporate tax returns, 26 U.S.C. § 7206(2).[1] Wick alleged that he received ineffective assistance of counsel from two of his attorneys. We affirm.[2]

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts of the case, we recite them only as necessary to explain our disposition.

2. The denial of a § 2255 motion is reviewed *de novo*. *United States v. Fry*, 322 F.3d 1198, 1200 (9th Cir.2003). The district court's findings of fact are reviewed for clear error. *Id.* "Claims of ineffective assistance of counsel are mixed questions of law and fact and are reviewed *de novo*." *Dubria v. Smith*, 224 F.3d 995, 1000 (9th Cir.2000).

We review Wick's claim under the two-part test that the Supreme Court set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A defendant first must show that the performance of counsel was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* At the second step, a defendant must show that he was prejudiced by the deficient performance. *Id.* Here, even assuming that counsel was deficient, we conclude that the errors did not prejudice Wick. *See id.* at 697, 104 S.Ct. 2052.

 Wick contends that two of his attorneys, David Bosse and Thomas Connelly, rendered ineffective assistance of counsel. Wick first argues that Bosse advised him not to inform his attorneys that he suffered from bipolar disorder. The district court concluded, however, that Bosse's statement regarding Wick's bipolar disorder did not discourage Wick from disclosing his diagnosis to his other attorneys. This finding was not clearly erroneous. Therefore, Bosse's statement was not the cause of Wick's failure to inform his attorneys about his diagnosis and did not prejudice the outcome of the proceedings.

Wick also argues that he was prejudiced by Bosse's failure to investigate his bipolar disorder and to disclose it to Wick's other attorneys. Wick is unable to show, however, that "but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial." *Turner v. Calderon*, 281 F.3d 851, 879 (9th Cir.2002). Nor is Wick able to show that if Bosse had informed Wick's other attorneys of the diagnosis that there was a reasonable probability that the outcome of the trial would have been different. *See Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

Next, Wick contends that the conduct of his attorney, Connelly, was deficient and prejudicial. Wick argues that Connelly failed to advise him adequately regarding the advantageous nature of the Count 4 plea offer and that Connelly did not inform Wick of the Bureau of Prisons' policy, which existed at the time of Wick's plea bargaining and allowed some non-violent offenders to serve the confinement portion of their sentences in community confinement. However, the district court's conclusion that Wick would not have accepted a plea agreement on the basis of the speculative possibility that he would not serve his sentence in prison was not clearly erroneous. As a result, Wick was not prejudiced by Connelly's conduct during plea negotiations.

In sum, we hold that Wick was not prejudiced by the conduct of Bosse and Connelly. Therefore, we affirm the district court's denial of Wick's § 2255 motion.

AFFIRMED.