**Ronald D. CULLEY, Petitioner— Appellant,**

v.

**Robert LAMPERT, Respondent— Appellee.**

No. 04–35037.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted May 3, 2005.

Decided May 19, 2005.

Thomas J. Hester, FPDOR—Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Kathleen Cegla, Office of the Attorney General, Salem, OR, for Respondent–Appellee.

Before: HUG, TASHIMA, and CLIFTON, Circuit Judges.

MEMORANDUM *

Ronald Culley appeals the district court's denial of his petition for habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that his trial counsel was ineffec-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tive for failing to object to his exclusion from a pre-trial hearing held to determine the admissibility of the victim's prior sexual conduct (the "Rape Shield hearing"). We have jurisdiction to consider this petition under 28 U.S.C. § 2253, and we affirm.

In order to establish a claim for ineffective assistance of counsel, a petitioner must demonstrate that: 1) his trial counsel's performance was deficient; and 2) he was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687–690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Fry*, 322 F.3d 1198, 1200 (9th Cir.2003). In evaluating the prejudice prong, Culley must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. The court need not determine whether counsel's conduct was deficient if the petitioner fails to show that he was prejudiced. *Id.* at 697, 104 S.Ct. 2052.

Culley's defense was that the victim fabricated the allegations against him because she believed he had killed her biological father. Culley argues that as a result of his exclusion from the Rape Shield hearing, his attorney pursued a theory that the victim's claims of prior sexual abuse by Culley's brothers were true and thus admissible to show "motive or bias" against Culley under Oregon's Rape Shield Law. Or.Rev.Stat. § 40.210; Or. Evid. R. 412.[1] The trial court excluded the evidence, finding that the evidence was not required to show motive or bias because Culley could make this showing using other evidence. However, Culley argues that had he been present at the hearing he would have insisted that the prior allegations were false and therefore the evidence of these prior claims would have been admissible. He alleges that his brothers and wife would have testified to the falsity of these claims.

Even if the court assumes that counsel's failure to object to Culley's exclusion from the Rape Shield hearing constituted deficient performance, Culley has not shown that he was prejudiced as a result. Culley has not provided any evidence through affidavits or deposition testimony that his brothers or his wife would have testified to the falsity of these claims. Rather, Culley has only provided his own self-serving deposition testimony without any corroborating evidence.

Additionally, Culley's counsel vigorously cross-examined the victim and was able to present some evidence of other prior false allegations of sexual conduct. It does not appear that there is a reasonable probability that additional false allegations, especially those that are not corroborated, would likely have affected the outcome of this trial. Therefore, Culley is unable to establish that the result in the proceedings would have been different had the additional evidence of prior false allegations of sexual conduct been admitted.

Therefore, as both the state court and the district court concluded, Culley has failed to show that he was prejudiced by his counsel's failure to object to Culley's absence from the Rape Shield hearing. Accordingly, the state court's determination was neither contrary to nor an unreasonable application of clearly established federal law. *See* 8 U.S.C. § 2254(d).

---

1. Under the rule, past sexual conduct of the victim is admissible in Oregon if it either: 1) relates to the motive or bias of the alleged victim, 2) is necessary to rebut or explain scientific or medical evidence offered by the state, or 3) is otherwise constitutionally required. Or.Rev.Stat. § 40.210(2)(b)(A)-(C); Or. Evid. R. 412(2)(b)(A)-(C).

The district court's denial of Culley's petition for habeas corpus is AFFIRMED.