**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Thomas SANDERS, Defendant— Appellant.**

No. 04–15382.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Oct. 13, 2005.

Daniel S. Linhardt, AUSA, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee. Thomas Sanders, Kailua, HI, pro se.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Thomas Sanders appeals pro se the district court's judgment denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence following his conviction for perjury, in violation of 18 U.S.C. § 1623. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see United States v. Fry*, 322 F.3d 1198, 1200 (9th Cir.2003), and affirm.

Sanders contends that the prosecutor's alleged misstatements in closing argument deprived him of due process. We are unpersuaded. Prosecutorial misconduct may warrant reversal when the prosecutor's remarks "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Davis v. Woodford*, 384 F.3d 628, 644 (9th Cir.2004) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986)). Improper argument to the jury does not constitute reversible error unless it causes prejudice without remedy by the trial judge. *See United States v. Lopez–Alvarez*, 970 F.2d 583, 597–98 (9th Cir.1992) (dismissing prosecutorial misconduct charge because the jury was instructed that "the lawyers' statements are not evidence," and this was sufficient to neutralize any prejudice).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Here, because the prosecutor's statements were a reasonable inference based on evidence presented at trial, they did not so infect the trial with unfairness as to make the resulting conviction a denial of due process. *See Davis*, 384 F.3d at 644.

Further, at the start of trial and immediately after closing arguments, the district court admonished the jury not to consider the attorneys' statements and arguments as evidence. *See Lopez–Alvarez*, 970 F.2d at 597–98. Accordingly, we affirm the district court's judgment.

Sanders' request to broaden the certificate of appealability is denied. *See* 9th Cir. R. 22–1(e).

**AFFIRMED.**