**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 17, 2005[*]
Decided November 18, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2955

|  |  |
|---|---|
| JOCELYN JIMENEZ, *Petitioner-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 05 C 1161 |
| UNITED STATES OF AMERICA, *Respondent-Appellee.* | Matthew F. Kennelly, *Judge.* |

**O R D E R**

Jocelyn Jimenez pleaded guilty to one count of willfully aiding and assisting in the preparation and presentation of false tax returns, 26 U.S.C. § 7206(2), and one count of attempting to interfere with the administration of the Internal Revenue Code, 26 U.S.C. § 7212(a).  She was sentenced to 18 months' imprisonment and ordered to pay restitution of $105,918.  Jimenez is a citizen of the Philippines, and after her conviction the Department of Homeland Security initiated removal

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

proceedings against her. She did not appeal her conviction or sentence, but did move under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence, arguing among other things that her counsel was ineffective for failing to advise her that her guilty plea would lead to her removal. She supplemented her motion to add a claim under *United States v. Booker*, 125 S.Ct. 738 (2005), that her Sixth Amendment rights were violated when the district court sentenced her based on facts that she did not admit nor were found by a jury.

The district court sua sponte dismissed Jimenez's *Booker* claim, relying on our holding in *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005), that *Booker* is not retroactive to criminal cases that became final before its release on January 12, 2005. The district court then denied Jimenez's § 2255 motion, ruling in relevant part that removal is a collateral consequence of the criminal process and thus counsel's failure to advise her of this consequence does not amount to ineffective assistance. The district court granted Jimenez a certificate of appealability on her claim of ineffective assistance of counsel "concerning counsel's failure to advise her of the deportation consequences of her guilty plea."

On appeal Jimenez reiterates that her lawyer was ineffective in failing to inform her that her guilty plea might result in her removal. But like most other courts to address the question, we have concluded that the possible immigration consequences of a guilty plea are "collateral aspects of the prosecution" not covered by the Sixth Amendment, and thus the failure to advise her of this consequence does not amount to ineffective assistance of counsel. *Santos v. Kolb*, 880 F.2d 941, 944 (7th Cir. 1989). *See also Broomes v. Ashcroft*, 358 F.3d 1251, 1256-57 (10th Cir. 2004); *United States v. Fry*, 322 F.3d 1198, 1200-01 (9th Cir. 2003); *United States v. Gonzalez*, 202 F.3d 20, 25-28 (1st Cir. 2000). *But cf. United States v. Couto*, 311 F.3d 179, 188-191 (2nd Cir. 2002) (noting in dicta that removal may no longer be a merely collateral consequence of conviction for aliens because the 1996 amendment to the Immigration and Naturalization Act makes removal an "essentially certain, automatic, and unavoidable consequence" of an alien's conviction for an aggravated felony).

Finally, Jimenez renews her contention that the district court erred when it dismissed her claim that she was sentenced in violation of *Booker*. As the district court explained, however, *Booker* is not retroactive to cases such as Jimenez's that became final before January 2005. *See McReynolds*, 397 F.3d at 481. We decline to revisit that decision, and the district court's orders dismissing and denying Jimenez's claims are AFFIRMED.