**UNITED STATES of America,
Plaintiff—Appellant,**

v.

**Jennifer MCCLELLAND, Defendant—
Appellee.**

**No. 05–35985.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2006.

Filed March 5, 2007.

Alan G. Burrow, Esq., USBO—Office of the U.S. Attorney Mk Plaza, Plaza IV, Boise, ID, FOR Plaintiff–Appellant.

Thomas M. Smith, Amos Hunter, Thomas Milby Smith, Inc., P.S., Spoka, NE, for Defendant–Appellee.

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

### MEMORANDUM *

The district court did not err in vacating Defendant–Appellee Jennifer McClelland's ("McClelland") conviction and sentence.

Under the Sixth Amendment, a criminal defendant has the right to conflict-free counsel. *Wood v. Georgia,* 450 U.S. 261, 271, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981). Accordingly, defense counsel owe their clients a "duty to avoid conflicts of interests." *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

"In order to establish a violation of the Sixth Amendment [based on a conflict of interest], a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affect-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ed his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). A defendant who makes this showing need not show prejudice to the outcome of the trial. *Id.* at 349–50, 100 S.Ct. 1708.

Thus, "[t]o show an actual conflict resulting in an adverse effect, [a defendant] must demonstrate that some plausible alternative defense strategy or tactic might have been pursued but was not and that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." *Hovey v. Ayers*, 458 F.3d 892, 908 (9th Cir.2006) (quoting *United States v. Wells*, 394 F.3d 725, 733 (9th Cir.2005)).

Conflicts of interest can arise in the context of simultaneous representation. *United States v. Elliot*, 463 F.3d 858, 865 (9th Cir.2006). Here, defense counsel identified Ms. Norma Holstrom ("Holstrom") as a potential defense witness because Holstrom's testimony could assist the defense in establishing a pattern of coercive conduct by the investigator who obtained McClelland's confession, thereby supporting the defense's theory that McClelland's confession was false. Despite his duty to avoid conflicts of interest, McClelland's defense counsel took Holstrom on as a client, knowing that by doing so Holstrom might subsequently be impeded from testifying on McClelland's behalf.

When the district court learned of defense counsel's simultaneous representation of Holstrom and McClelland, it ruled that Holstrom would not be permitted to testify until independent counsel for Holstrom appeared in court and assured the court Holstrom had been fully advised of her Fifth Amendment right against self-incrimination.

Defense counsel, however, neither arranged for independent counsel to appear in court with Holstrom nor attempted again to call Holstrom as a witness. Rather, defense counsel informed McClelland the court had not allowed Holstrom to testify and that decision might "be an issue that she might be able to raise on appeal and she might want to look at that and talk to another attorney later on if we did not win the case."

We review the district court's decision to grant McClelland's 28 U.S.C. § 2255 motion *de novo*. *See United States v. Fry*, 322 F.3d 1198, 1200 (9th Cir.2003). The district court's factual findings underlying the decision to grant McClelland's motion, however, are reviewed for clear error. *See United States v. Alaimalo*, 313 F.3d 1188, 1191 (9th Cir.2002).

On this record, the district court properly determined McClelland's Sixth Amendment Right to conflict-free counsel was violated by defense counsel's simultaneous representation of Holstrom. The district court, despite speculating that Holstrom's testimony might be cumulative, ultimately found that the testimony was relevant and advantageous. Moreover, the district court found the loss of Holstrom's testimony "was entirely due to the fact that [defense counsel] had that actual conflict." Based on the record before us, these factual finding are not clearly erroneous.

The district court, therefore, did not err in granting McClelland's 28 U.S.C. § 2255 motion because calling Holstrom as a witness was a "tactic [that] might have been pursued but was not" because it "was inherently in conflict with or not undertaken due to [defense counsel's] other loyalties or interests." *Hovey*, 458 F.3d at 908.

The Government's argument that Holstrom's Fifth Amendment rights would equally have been a concern had she not been represented by McClelland's defense counsel is unavailing because the relevant question is whether defense counsel failed

to pursue "some plausible alternative defense strategy or tactic" that may have resulted in Holstrom testifying at McClelland's trial, not whether the foregone strategy would have been successful. *See United States v. Elliot,* 463 F.3d 858, 866 (9th Cir.2006).

The Government's argument that under *United States v. Mett,* 65 F.3d 1531, 1534–1535 (9th Cir.1995) the loss of Holstrom's testimony was at most the loss of the benefit of defense counsel's joint representation of McClelland, not an adverse affect on that representation, is also unavailing. *Mett* is factually inapposite. Unlike the defendants in *Mett,* McClelland did not hire conflicted defense counsel. Rather, at the time she hired defense counsel, he did not represent Holstrom, and there is no evidence she had reason to believe he would be representing Holstrom. In accepting Holstrom as a client, McClelland's defense counsel violated his duty to avoid conflicts of interest. Thus, McClelland lost the preexisting benefit of her defense counsel's preparation, not the potential benefit of hiring an attorney with a known conflict of interest.

Contrary to the Government's final argument, a defense counsel's representation is significantly worsened when his competing obligation causes him to abandon efforts to have a witness testify for the defendant. *Mett,* 65 F.3d at 1535 n. 4.

Accordingly, we AFFIRM.