**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Palemon SANCHEZ, a/k/a Palemon Miramontes Sanchez, Paul Sanchez and Pablo Sanchez, Defendant–Appellant.**

No. 06–50590.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2007.[*]

Filed Sept. 13, 2007.

Becky S. Walker, Esq., Daniel N. Shallman, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Phillip I. Bronson, Esq., Law Offices of Phillip I. Bronson, Encino, CA, for Defendant–Appellant.

Before: PREGERSON, THOMAS and RAWLINSON, Circuit Judges.

MEMORANDUM [**]

Palemon Sanchez appeals from the district court's denial of his motion to with-

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

draw his guilty plea. We have reviewed the record and the opening brief. Appellee's unopposed motion for summary affirmance is granted because the questions raised in this appeal are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

The district court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea. *See United States v. Ruiz,* 257 F.3d 1030, 1033 (9th Cir.2001) (en banc) (stating standard). Appellant claims that his guilty plea was defective because both the district court and counsel failed to inform him that deportation would be a "mandatory" consequence of his conviction. We have held that the district court is not required to inform a criminal defendant of the collateral consequences, including immigration consequences, of a guilty plea. *See Fruchtman v. Kenton,* 531 F.2d 946, 948–49 (9th Cir.1976). We have also held that "counsel's failure to advise a defendant of collateral immigration consequences of the criminal process does not violate the Sixth Amendment right to effective assistance of counsel." *See United States v. Fry,* 322 F.3d 1198, 1200 (9th Cir.2003). Accordingly, the district court did not abuse its discretion in determining that appellant had not shown a "fair and just reason for requesting the withdrawal" of his guilty plea. *See* Fed.R.Crim.P. 11(d)(2)(B).

**AFFIRMED.**