**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-17906 |
| Plaintiff - Appellee, | DC No. 2:05 cv-0711 PMP |
| v. | |
| WENDOLEN LEONARD HOWARD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted December 6, 2010[**]
San Francisco, California

Before:    COWEN,[***] TASHIMA, and SILVERMAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

Wendolen Howard appeals the district court's denial of his motion for relief under 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

We agree with the district court that Howard did not establish that his trial counsel's allegedly deficient performance caused him prejudice. The record makes plain that Howard withdrew his guilty plea with full knowledge of the thirteen incriminating recordings that the Government eventually used to convict him at trial. Howard argues that had his counsel provided him with the remaining recordings (the ones the Government never sought to use at trial), he would have known that those recordings did not contain exculpatory material capable of saving him at trial and, having thus lost any lingering hope of prevailing before a jury, would have maintained his plea. This argument does not establish prejudice under the "reasonable probability" standard. *Styers v. Schriro*, 547 F.3d 1026, 1030 (9th Cir. 2008) (quoting *Strickland v. Washington*, 466 U.S. 668, 695 (1984)).

Howard decided to withdraw his guilty plea and take his chances at trial despite overwhelming evidence against him and despite his counsel's strong advice to the contrary. There is no reason to think Howard would have acted more rationally after confirming that the remaining tapes did not contain a defense panacea. Indeed, he does not explain what panacea the remaining tapes could possibly have contained. His only suggestion is that he thought the other tapes

2

might place the inculpatory material "in context," but as his trial counsel points out, admissions of guilt and blatant cover-up attempts resist contextualization. On this record, the ineffective assistance of counsel claim fails for lack of prejudice. *See, e.g., United States v. Fry*, 322 F.3d 1198, 1201 (9th Cir. 2003); *Jackson v. Calderon*, 211 F.3d 1148, 1155 (9th Cir. 2000). We thus need not explore *Strickland*'s other prong.

**AFFIRMED**.