NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    22-55421 |
| Plaintiff-Appellee, | D.C. No. 2:92-cr-00979-JFW-2 |
| v. | |
| GLENN ALBERT WIERSMA, AKA Johnell G. Davis, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted May 11, 2023
Pasadena, California

Before:  HURWITZ and R. NELSON, Circuit Judges, and KANE,[**] District Judge.

Glenn Wiersma appeals from the district court's denial of a coram nobis petition.  In 1995, Wiersma pleaded guilty to conspiracy to defraud the United States in violation of 18 U.S.C. § 286.  Over twenty-five years later, he petitioned for coram

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

nobis relief, seeking to vacate his conviction based on the contention that he received ineffective assistance of counsel because his previous attorney did not warn that the conviction rendered him deportable.

We have jurisdiction under 28 U.S.C. § 1291 and review the denial of coram nobis relief de novo. *United States v. Kroytor*, 977 F.3d 957, 961 (9th Cir. 2020). We affirm because Wiersma did not show that his former attorney provided constitutionally deficient performance.[1]

1.     *Padilla v. Kentucky* instructs that counsel "must inform her client whether his plea carries a risk of deportation." 559 U.S. 356, 374 (2010). But *Padilla* does not apply retroactively because it announced a "new rule" that broke with nearly all lower courts—including the Ninth Circuit—which "excluded advice about collateral matters from the Sixth Amendment's ambit." *Chaidez v. United States*, 568 U.S. 342, 352 (2013); *see United States v. Fry*, 322 F.3d 1198, 1200 (9th Cir. 2003). Thus, *Padilla* offers no basis for coram nobis relief from Wiersma's 1995 conviction.

2.     Before *Padilla*, we created an exception to our general rule, recognizing that counsel can provide ineffective assistance by "affirmatively misleading" a client about immigration consequences. *United States v. Kwan*, 407 F.3d 1005, 1008 (9th

---

[1] We **GRANT** Wiersma's unopposed motion for judicial notice of various court records from Wiersma's prior appeal. Dkt. No. 22.

Cir. 2005), *abrogated in part by Padilla*, 559 U.S. at 374. For the first time on appeal, Wiersma contends that his prior lawyer "affirmatively misadvised" him about his conviction's immigration consequences. But Wiersma points to no affirmative misrepresentation. Quite the contrary, Wiersma's petition says his lawyer "never discussed the immigration consequences of the federal plea" with him.

Instead, Wiersma relies on a provision of his plea agreement stating that the government "will not oppose" certain "conditions of release" allowing Wiersma "to complete [his] schooling by the end of March 1995." Wiersma contends that this provision meant to say "March 1996" and governed the conditions of his release after his incarceration. According to Wiersma, this provision is misleading because federal law did not allow his release to the community after his incarceration but rather rendered him automatically deportable.

Even assuming that this theory was not forfeited, it lacks merit. For one thing, it requires us to rewrite the plea agreement's unambiguous terms, which we decline to do. Moreover, no reasonable reader would consider this provision to be a misrepresentation about immigration consequences: it is a representation from the government (not Wiersma's attorney), makes no mention about immigration status, and appears to reflect precisely what later occurred.

3. Wiersma also argues that his counsel provided ineffective assistance by

violating California professional standards. According to Wiersma, since the 1980s, California law has required criminal defense attorneys to investigate and advise their clients about a criminal conviction's immigration consequences. Wiersma says it was unreasonable for his attorney not to fulfill these state-law obligations, particularly when the attorney was also representing Wiersma in state criminal proceedings. But Wiersma is in federal court seeking federal relief from a federal conviction. Before *Padilla*, the availability of a federal constitutional remedy for ineffective assistance of counsel turned on the "distinction between direct and collateral consequences," not on whether a "reasonably competent lawyer [would] tell a non-citizen client about a guilty plea's deportation consequences." *Chaidez*, 568 U.S. at 357–58 (citing *Fry*, 322 F.3d at 1200–01). No matter what state law obligated Wiersma's attorney to do in state court,[2] federal law viewed immigration consequences as "collateral to the criminal prosecution" and thus outside the Sixth Amendment's purview. *Id.*

4.  Finally, Wiersma contends that the district court abused its discretion by resolving the coram nobis petition without an evidentiary hearing. As discussed, Wiersma's petition fails as a matter of law, and he does not articulate how further

---

[2] It is also not obvious that California law even imposed the duty that Wiersma claims. *See, e.g.*, *People v. Vivar*, 43 Cal. App. 5th 216, 226 (2019) ("[P]rior to *Padilla*, it remained an open question in California whether defense counsel had an affirmative duty to advise about immigration consequences of a plea."), *reversed on other grounds*, 485 P.3d 425 (Cal. 2021).

factual development would change the outcome. *See Runningeagle v. Ryan*, 825 F.3d 970, 990 (9th Cir. 2016) ("Where documentary evidence provides a sufficient basis to decide a petition, the court is within its discretion to deny a full hearing.").

**AFFIRMED.**