**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan Gabriel RUIZ, Defendant–
Appellant.**

**No. 99–10224.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2000

Filed Oct. 18, 2000

Kevin P. Rooney, Assistant U.S. Attorney, Fresno, California, for the plaintiff-appellee.

Before: SCHROEDER, HAWKINS, and FISHER, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

We must decide whether Rule 32(e) of the Federal Rules of Criminal Procedure requires a defendant seeking to withdraw a guilty plea on account of newly-discovered exculpatory evidence to show a "fair and just" reason for withdrawal, or whether the higher standard of "manifest injustice" must be met.

Juan Gabriel Ruiz ("Ruiz") appeals the entry of judgment following his guilty plea on charges of conspiracy to distribute and possess methamphetamine. Ruiz challenges the district court's denial of his motion to withdraw his guilty plea, arguing that the court should have analyzed his request under the "fair and just reason" standard, not the "manifest injustice" standard. Because we agree with Ruiz's contention, we reverse.

Ruiz and his co-defendants Santos Garcia Osorio ("Osorio")[1] and Jesus Pena Cardenas ("Cardenas") each agreed to plead guilty to one count of conspiracy to possess and distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). Cardenas entered his plea prior to Ruiz and Osorio. At Ruiz's plea hearing, the prosecutor read the factual basis for the charges, and the court asked Ruiz whether the charges were true. Ruiz answered in the affirmative. The court also informed Ruiz that "no matter what any-

John F. Garland, Fresno, California, for the defendant-appellant.

---

1. We heard Osorio's sentencing appeal at the same time as that of Ruiz and have affirmed in a separate memorandum disposition.

· *United States v. Osorio,* 99–10258, 2000 WL 1545045 (9th Cir. Oct. 18, 2000) (unpublished).

one else may have told you, I must give you ten years in jail, that I can give you up to life in jail."

Cardenas was sentenced first and received 10 years in prison. He had sought application of the safety valve provision,[2] but that request was denied. Prior to their sentencing, Osorio sent Ruiz a letter stating his willingness to testify that neither Ruiz nor Cardenas was involved in the sale of the drugs and that Osorio had only implicated them during questioning because the officers told him that the punishment could be split between the three of them.

Ruiz thereupon filed a motion to withdraw his guilty plea based on the statements in Osorio's letter, which Osorio repeated in a signed declaration. Ruiz maintained that he had entered his guilty plea on the advice of his attorney, who believed a conviction was likely in light of Osorio's post-arrest statements to officers. Ruiz also pointed out that when interviewed by a probation officer for the pre-sentence report, he denied knowing that Osorio was selling drugs.

After a hearing, the district court denied Ruiz's motion, ruling that because Cardenas had already been sentenced, Ruiz could withdraw his plea only upon a showing of manifest injustice. The court then found, based on testimony of other witnesses, there was strong evidence that Ruiz had served as a lookout for Osorio, so no manifest injustice would result from denial of the motion. The court then sentenced Ruiz to 10 years in prison.

Under Rule 32 of Criminal Procedure, "[i]f a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." In *Kadwell v. United States*, 315 F.2d 667 (9th Cir.1963), we held that leave to withdraw a guilty plea before sentencing "should be freely allowed," but that a defendant could only withdraw a plea after his own sentencing upon a showing of "manifest injustice." *Id.* at 670. We rested this distinction on sound, practical grounds: "[I]f a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe." *Id.*

*United States v. Kay*, 537 F.2d 1077 (9th Cir.1976), found no abuse of discretion in a district court's refusal to permit a plea withdrawal in a situation where the defendant had not yet been sentenced, but his co-defendants had been. "Under these circumstances, his situation is akin to that of a defendant who seeks to withdraw his plea after sentencing." *Id.* at 1078. Without explicitly applying *Kadwell*'s "manifest injustice" standard, we concluded that "[t]he district court could reasonably have concluded that withdrawal of the plea would have permitted appellant to use the guilty plea as a means of testing the weight of the potential sentence—a primary policy ground for denying plea changes." *Id.* (internal quotations omitted).

In *United States v. Hoyos*, we held that the "manifest injustice" standard applies when a defendant seeks to withdraw a plea after a co-defendant has been sentenced. In *Hoyos*, 892 F.2d 1387 (9th Cir.1989), however, the district court had expressly discredited the defendant's proffered reasons for wanting to change his plea, and we emphasized that "the motion for withdrawal of the plea was filed after Hoyos had learned that one of his co-defendants, who pleaded guilty, had been sentenced to 10 years and another, who had gone to trial, had been found not guilty." *Id.* at 1400.

We reaffirmed this rule two years later in *United States v. Ramos*, 923 F.2d 1346, 1358–59 (9th Cir.1991), and explained that "[p]ermitting defendants to plead guilty to

---

**2.** U.S.S.G. § 5C1.2.

test the weight of potential punishment, and then to withdraw the plea if the sentence were unexpectedly severe, would undermine respect for the courts and fritter away the time and painstaking efforts devoted to the sentencing process." *Id.* As we noted in *Ramos,* "the prejudice clearly lies in permitting criminal defendants two bites at the apple by striking plea bargains and then, once one defendant has been sentenced to an unexpectedly large term, having the co-defendants wriggle out of the deals." *Id.* at 1359 n. 25.

■ It is clear from our prior cases that a showing of "manifest injustice" was designed to prevent a change of heart upon learning of a co-defendant's sentence. Here, Ruiz asked to withdraw his plea not because of Cardenas' sentence, but because of the potentially exculpatory evidence offered by Osorio. The court had already informed Ruiz categorically that it was required to sentence him to the 10-year mandatory minimum, so Cardenas' 10-year sentence could not have affected Ruiz's decision—he never expected anything less.

The government argues that, even though Ruiz was already aware he would receive at least 10 years, Cardenas' sentence might have driven home to him the consequences of his plea. We find this argument unpersuasive given the district court's unequivocal warning to Ruiz about the 10-year minimum. Nor is the district court's denial of Cardenas' request for application of the safety valve persuasive. Cardenas' safety valve denial might have arguably influenced Ruiz if he had been seeking a similar reduction, but there is no evidence in the record suggesting that Ruiz sought or would have been eligible for application of the safety valve provision.

■ The record suggests that, despite his belief in his own innocence, Ruiz pled guilty because he did not then have any exculpatory evidence, evidence that became available only after Cardenas was sentenced. We hold, therefore, that the district court should not have applied the manifest injustice standard to Ruiz's plea withdrawal request. Where, as here, there is credible evidence the defendant's change of mind is not motivated by a co-defendant's sentence but by another circumstance, such as potentially exculpatory evidence, he should be permitted to withdraw his plea for "any fair and just reason." In this case, Osorio's declaration provided Ruiz with a fair and just reason to withdraw his plea. Accordingly, we reverse and remand to the district court with instructions that it permit Ruiz to withdraw his plea.

REVERSED and REMANDED.