**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan Gabriel RUIZ, Defendant–Appellant.**

**No. 99–10224.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted En Banc June 21, 2001

Filed July 23, 2001

John F. Garland, Fresno, California, for the defendant-appellant.

Thomas E. Flynn, Assistant United States Attorney, Sacramento, California, for the plaintiff-appellee.

Before: SCHROEDER, Chief Judge, PREGERSON, KOZINSKI, O'SCANNLAIN, TROTT, FERNANDEZ, KLEINFELD, HAWKINS, FLETCHER and FISHER, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

We reheard this case en banc to resolve a discrepancy between our existing case law and the current version of Federal Rule of Criminal Procedure 32(e). In 1983, the rule governing a defendant's withdrawal of a guilty plea was amended to read:

> If a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255.

Notwithstanding this revision, which permits presentence plea withdrawals for any "fair and just reason," we continued to apply a higher standard, the "manifest injustice" test, from a prior version of the rule to situations in which a defendant sought to withdraw a guilty plea before sentencing, but after a co-defendant had been sentenced. *United States v. Ramos,* 923 F.2d 1346, 1358–59 (9th Cir.1991); *United States v. Hoyos,* 892 F.2d 1387, 1400 (9th Cir.1989). Today we overrule these cases and hold, consistent with Rule 32(e), that the "fair and just" standard applies to any motion for plea withdrawal that is made prior to the defendant's sentencing.

## I.

Juan Gabriel Ruiz ("Ruiz") and his co-defendants Santos Garcia Osorio ("Osorio") and Jesus Pena Cardenas ("Cardenas") pled guilty to one count of conspiracy to possess and distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). At Ruiz's plea hearing, the court informed Ruiz he would be subject to a mandatory minimum sentence of ten years, with a possibility of life in prison.

Cardenas was sentenced first and received ten years in prison. When Ruiz was interviewed for his presentence report, Ruiz denied knowing that Osorio was selling drugs. Prior to Ruiz's sentencing, Ruiz received a letter from Osorio stating his willingness to testify that neither Ruiz nor Cardenas had been involved in the sale of the drugs and that Osorio had only implicated them during questioning because he had been misinformed that the total punishment could somehow be apportioned among the three of them.

Ruiz then filed a motion to withdraw his plea based on Osorio's letter. In support of the motion, Osorio repeated his assertions in a signed declaration. Following a hearing, the district court concluded that because Cardenas had already been sentenced, Ruiz could withdraw his plea only upon a showing of "manifest injustice," the standard set forth in the *Hoyos* and *Ramos* decisions. The court found that no manifest injustice would occur from denial of the plea withdrawal because testimony of other witnesses suggested Ruiz had served as a lookout for Osorio. The court sentenced Ruiz to ten years in prison.

On appeal, a panel of this court distinguished *Hoyos* and *Ramos,* and held that the district court should have applied the "fair and just reason" analysis because Ruiz's motion to withdraw his plea appeared to have been motivated not by his co-defendant's sentence, but by the newly available exculpatory evidence from a key witness, Osorio. *United States v. Ruiz,* 229 F.3d 1240, 1243 (9th Cir.2000). In its letter brief on the appropriateness of en banc review, the government conceded that the panel had reached the correct result regarding the "fair and just reason"

standard of review, noting that this is the appropriate test under the current version of Rule 32(e). However, because *Hoyos* and *Ramos* were decided after the 1983 amendments to Rule 32, the three-judge panel was not at liberty to simply disregard them. We granted en banc review and vacated the panel decision to clarify the appropriate standard for this recurring issue in criminal procedure. *United States v. Ruiz,* 242 F.3d 1202 (9th Cir.2001).

## II.

Until 1983, Federal Rule of Criminal Procedure Rule 32(d) provided:

> A motion to withdraw a plea of guilty or nolo contendre may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Under this version of the rule, which contained no explicit standard for evaluating presentencing motions to withdraw a plea, such motions were "freely allowed." *Kadwell v. United States,* 315 F.2d 667, 670 (9th Cir.1963) (citation omitted).

In *United States v. Kay,* 537 F.2d 1077, 1078 (9th Cir.1976), the defendant moved to withdraw his guilty plea before he had been sentenced, but after his co-defendants had been sentenced. We analogized the situation "to that of a defendant who seeks to withdraw his plea after sentencing." *Id.* We noted that freely allowing defendants to withdraw their pleas after the sentencing of co-defendants would allow them to "use the guilty plea as a means of testing the weight of the potential sentence." *Id.*

As discussed above, the plea-withdrawal provision of Rule 32 was then amended in 1983. Rule 32(e) now divides motions to withdraw guilty pleas into two groups: those which are made prior to sentencing, which should be granted for "any fair and just reason," and those made after sentencing, which should be dismissed as untimely. *See United States v. Baker,* 790 F.2d 1437, 1438 (9th Cir.1986). If not timely filed, relief would be available only by direct appeal or habeas corpus review.

Unfortunately, without ever discussing the changes to Rule 32, we continued to apply the "manifest injustice" test from the prior version of the rule. In *Hoyos,* 892 F.2d at 1399, the defendant sought to withdraw his guilty plea before sentencing, but after his co-defendant had been sentenced. Relying on *Kay,* which was decided before the 1983 amendment, we held that the defendant could withdraw his plea only if he could "present evidence establishing that manifest injustice would result if he was not allowed to withdraw his guilty plea." *Id.* at 1400. In *Ramos,* 923 F.2d at 1358–59, we reaffirmed *Hoyos* without significant elaboration.

Today we recognize that *Hoyos* and *Ramos* ignored the text of Rule 32(e) and unnecessarily complicated its application. Indeed, the problem *Hoyos* and *Ramos* (and *Kay* before them) sought to address—a defendant pleading guilty and using his co-defendant's sentence to test the waters—is adequately covered by the amended Rule 32(e). Rule 32(e) now directs the district court to grant a motion to withdraw a guilty plea "if the defendant shows any fair and just reason."

■ We overrule *Hoyos* and *Ramos* as inconsistent with the plain text of Rule 32(e). Whenever a defendant makes a presentence motion to withdraw his plea, the district court should apply the "fair and just reason" standard.

## III.

■ In this case, Osorio's declaration may have provided Ruiz with a fair and

just reason to withdraw his plea. The decision to allow a defendant to withdraw his plea, however, lies within the discretion of the district court. *See United States v. Turnipseed,* 159 F.3d 383, 387 (9th Cir. 1998). The district court, relying on our existing case law, applied the wrong legal standard to Ruiz's motion. Application of the wrong legal standard constitutes an abuse of discretion. *See Koon v. United States,* 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) ("A district court by definition abuses its discretion when it makes an error of law.") (citation omitted). We therefore remand to the district court to determine, in the first instance, whether Ruiz has shown a "fair and just reason" to withdraw his plea.

REVERSED AND REMANDED.