**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Manuel PADILLA–ARAGON,
Defendant–Appellant.**

**No. 00–50498.
D.C. No. CR–00–1076–IEG.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2001.*

Submission withdrawn May 11, 2001.

Resubmitted April 15, 2002.

Decided May 8, 2002.

Before MAGILL,** McKEOWN, and FISHER, Circuit Judges.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a).

\*\* Honorable Frank J. Magill, Senior United States Circuit Judge for the United States Court of Appeals, Eighth Circuit, sitting by designation.

MEMORANDUM***

Manuel Padilla–Aragon pleaded guilty to importing 37.8 kilograms of marijuana into the United States, in violation of 21 U.S.C. §§ 952 and 960. After the Supreme Court decided *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Padilla–Aragon moved to withdraw his guilty plea and to dismiss the indictment against him, contending that *Apprendi* renders § 960 unconstitutional. The district court denied both motions and sentenced Padilla–Aragon to twenty-seven months imprisonment and three years supervised release. We affirm.

## I.

Padilla–Aragon argues that the district court erred in denying his motion to withdraw his guilty plea under Fed.R.Crim.P. 32(e), which provides: "If a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." *Id.* Padilla–Aragon essentially contends that the district court should have granted his motion to withdraw his guilty plea since he entered his plea without knowledge of *Apprendi. Apprendi* holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. This Court reviews a district court's denial

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Nagra,* 147 F.3d 875, 880 (9th Cir.1998). A district court should freely allow a defendant to withdraw a guilty plea where, as here, he has done so before sentencing. *United States v. Ruiz,* 257 F.3d 1030, 1032 (9th Cir.2001) (en banc) (withdrawal of guilty pleas made prior to sentencing should be granted for "any fair and just reason").

*Apprendi* has no application to this case. The maximum sentence for importing fewer than fifty kilograms of marijuana is five years. 21 U.S.C. § 960(b)(4). The district court never exposed Padilla–Aragon to a term of imprisonment greater than five years. Accordingly, *Apprendi* is not implicated in this case. In any event, any potential *Apprendi* error would be harmless, because the district court sentenced Padilla–Aragon to twenty-seven months in prison and three years of supervised release-well below the permissible statutory maximum. Finally, we reject Padilla–Aragon's challenge to the constitutionality of 21 U.S.C. § 960. *United States v. Mendoza–Paz,* 286 F.3d 1104, 1109 (9th Cir.2002).

## II.

We AFFIRM the district court.