**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Maricela LOPEZ, Defendant–Appellant.**

No. 00–50585.

D.C. No. CR–00–01467–MJL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2001.

Submission Vacated June 21, 2001.

Resubmitted May 17, 2002.

Decided May 17, 2002.

Before D.W. NELSON, FERNANDEZ, and RYMER, Circuit Judges.

## ORDER RESUBMITTING CASE

We vacated submission of this case on June 21, 2001. We now order it resubmitted.

## MEMORANDUM*

Maricela Lopez appeals her conviction and sentence after a guilty plea to importation of marijuana. *See* 21 U.S.C. §§ 952, 960. We affirm.

Lopez complains of the district court's refusal to allow her to withdraw her guilty plea before sentencing. If she had a "fair and just reason" to withdraw her plea, her motion to do so should have been granted. *United States v. Ruiz*, 257 F.3d 1030, 1032 (9th Cir.2001) (en banc). Her reasons did not have those characteristics. They amounted to no more than speculation about the possible effects of *Apprendi*[1] on her conviction and sentence. Speculation is not a reason to set aside her plea. That is especially true when, as here, the speculation was about a possible legal universe that does not exist. We have rejected the assertion that the statutes under which she was convicted are unconstitutional. They are not. *See United States v. Buckland,* 289 F.3d 558, ——, ——, slip op. 6645, 6650 (9th Cir.2002) (en banc), *cert. de-*

nied, —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002); *United States v. Mendoza–Paz,* 286 F.3d 1104, 1109–10 (9th Cir.2002). We have also rejected her claim that the government was required to prove that she knew the quantity and type of the drugs involved in the offense. It was not. *See United States v. Carranza,* 289 F.3d 634, ——, ———––——, slip op. 6531, 6546–47 (9th Cir.2002).

By the way, Lopez' sentence was under the statutory maximum for an offense involving the lowest quantity of marijuana. *See* 21 U.S.C. § 960(b)(4). Thus, her sentence of 12 months and 1 day imprisonment and 3 years of supervised release was proper. *See United States v. W. Coast Aluminum Heat Treating Co.,* 265 F.3d 986, 994 (9th Cir.2001); *United States v. Barragan,* 263 F.3d 919, 925–26 (9th Cir.2001); *United States v. Hernandez–Guardado,* 228 F.3d 1017, 1026–27 (9th Cir.2000); *United States v. Nordby,* 225 F.3d 1053, 1062 (9th Cir.2000), *overruled on other grounds by Buckland,* 289 F.3d at ——, slip op. at 6660.

In fine, the mere advent of *Apprendi* did not offer succor to Lopez' claim that she had a fair and just reason to set aside her plea. The district court did not abuse its discretion. *See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).