**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Donald HAMILTON, Defendant—Appellant.**

No. 01–50246.

D.C. No. CR–98–00023–RJT–01.

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2002 *.

Decided Aug. 8, 2002.

Before HALL, SILVERMAN and RAWLINSON, Circuit Judges.

MEMORANDUM **

Donald Hamilton ("Hamilton") appeals his guilty-plea conviction on three drug counts in violation of 21 U.S.C. §§ 846 and 841(a)(1). Hamilton's guilty plea was knowing and voluntary. Awareness of drug quantity is simply not an element of the crimes charged. *See United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.2002). The district court, therefore, was not required to advise Hamilton of such an "element."

Hamilton admitted to the quantity of drugs for which he was sentenced. The presumption raised by his admission was not rebutted at any time. *See United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir.1987) (indicating that defendant's admission in open court is entitled to "a strong presumption of verity"). Hamilton was also made aware that his plea could trigger a statutory minimum sentence of ten years and maximum sentence of life on each of the three counts. The district court appropriately advised Hamilton about the facts in relation to the law and the direct consequences of his plea. *See United States v. Amador–Leal*, 276 F.3d 511, 514 (9th Cir.2002), *cert. denied*, —— U.S. ——, 122 S.Ct. 1946, 152 L.Ed.2d 849 (2002). To the extent Hamilton is chal-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

lenging the effectiveness of counsel for failing to inform him that drug type and quantity is required to be proven to a jury, such a challenge should be deferred to collateral proceedings where the record can be clarified. *See United States v. Reyes–Platero*, 224 F.3d 1112, 1116 (9th Cir.2000), *cert. denied*, 531 U.S. 1117, 121 S.Ct. 868, 148 L.Ed.2d 780 (2001).

The district court did not violate Rule 11 of the Federal Rules of Criminal Procedure by failing to specifically advise Hamilton that the government was required to establish the quantity of *pure* methamphetamine involved. The district court advised Hamilton that the government would have to prove beyond a reasonable doubt that he knowingly and intentionally manufactured, possessed, and conspired to distribute more than 100 grams of methamphetamine. Hamilton admitted that the government was prepared to prove that the conspirators manufactured 113 grams of "actual pure methamphetamine." Accordingly, Hamilton has not met his burden of showing any error which implicates the "fairness, integrity or public reputation of judicial proceedings." *United States v. Vonn*, — U.S. —, —, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002) (holding that "a silent defendant" asserting a Rule 11 violation must show plain error in light of the entire record).

The district court properly applied the "fair and just reason" standard in denying Hamilton's pre-sentence motion to withdraw his guilty plea. *See United States v. Ruiz*, 257 F.3d 1030, 1032 (9th Cir.2001). The district court did not abuse its discretion in denying the motion. Hamilton was charged with a specific drug quantity, advised that a specific quantity must be proven by the government, and specifically agreed to a recitation referencing that quantity. *See United States v. Alber*, 56 F.3d 1106, 1111 (9th Cir.1995); *see also Brady v. United States*, 397 U.S. 742, 757,

90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) (stating, in the context of a post-sentencing motion to withdraw, that a court need not allow a defendant to "disown his solemn admissions in open court ... simply because it later develops that the State would have had a weaker case ... or that the maximum penalty then assumed applicable has been held inapplicable in subsequent judicial decisions").

Finally, the district court appropriately discounted Hamilton's assertion that a conflict of interest existed at the time of the motion to withdraw the guilty plea due to his attorney's purported coercion of the guilty plea. Hamilton, under oath, stated that his plea was not due to any promises or threats. *See United States v. Rivera–Ramirez*, 715 F.2d 453, 458 (9th Cir.1983) (allowing court to credit defendant's sworn statements at plea hearing over subsequent contradictory assertions).

AFFIRMED.