**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Miguel Angel ARGUETA, Defendant—
Appellant.**

No. 01–30280.

D.C. No. CR–00–00497–L.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 7, 2002.*

Decided Aug. 9, 2002.

Before NOONAN, HAWKINS and GOULD, Circuit Judges.

MEMORANDUM **

Appellant Argueta contends that the district court erred in denying the

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

motion to suppress evidence gained pursuant to the search warrant on the basis that the evidence the government used to connect him to the drug scheme was based only upon a confidential informant's unverified and uncorroborated statements contained in the affidavit serving as the basis for the search warrant. We reject this contention. Argueta was linked to the enterprise on the basis of police surveillance, intercepted phone calls, and the statements of the informant. Additionally, Argueta had been in contact with local police about the drug scheme; he had also been convicted of possession of contraband at his place of business earlier. Taken together, there was no lack of evidence presented to support the magistrate's finding of probable cause for issuance of the search warrant. Our conclusion is bolstered by our obligation to be deferential to a magistrate's issuance of a search warrant. *United States v. Ramos,* 923 F.2d 1346, 1351 n. 9 (9th Cir.1991), *overruled on other grounds by United States v. Ruiz,* 257 F.3d 1030 (9th Cir.2001).

Argueta also contends that the district court improperly denied his motion to reconsider the denial based on an allegation of a *Franks v. Delaware* violation. We disagree. Argueta failed to make a substantial preliminary showing that there was a *Franks* violation. There was ample evidence to support the probable cause determination even if the affidavit included reference to Argueta's prior (but limited) cooperation with local police. Moreover, had the agent mentioned Argueta's prior cooperation in the affidavit, the decision to find probable cause would have been strengthened because Argueta's prior co-operation focused on what he knew of the Nava–Banuelos Organization.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Strubbe's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.