**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Joe Morin RANGEL, a/k/a Little Joe, a/k/a CC, a/k/a Joe Morin Rangel, Defendant–Appellant.**

**No. 06–50681.**

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 2008.*

Filed May 16, 2008.

Mark A. Young, David P. Kowal, Michael J. Raphael, Esq., Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Wayne R. Young, Law Office of Wayne R. Young, Santa Monica, CA, for Defendant–Appellant.

Before: FISHER and PAEZ, Circuit Judges, and ROBART,** District Judge.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

**MEMORANDUM \*\*\***

Joe Morin Rangel appeals the district court's denial of his motion to withdraw his guilty plea. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

On August 18, 2006, pursuant to a written agreement with the government, Rangel pleaded guilty to conspiracy to conduct a racketeering enterprise in violation of 18 U.S.C. § 1962(d), conspiracy to possess with intent to distribute and distributing at least five kilograms of cocaine, in violation of 21 U.S.C. § 846, and distributing more than 500 grams of cocaine in violation of 21 U.S.C. § 841. After a thorough plea colloquy with Rangel, the court accepted his plea. On October 27, 2006, Rangel filed a motion to withdraw his guilty plea. On November 27, 2006, the district court denied Rangel's motion and imposed a 292 month sentence.

Rangel argues that the district court erred in denying his motion because he sufficiently established a "fair and just" reason for seeking to withdraw his plea. We disagree. Under Federal Rule of Criminal Procedure 1 1(d)(2)(B), a defendant may withdraw a guilty plea after it has been accepted but before sentencing if he "can show a fair and just reason for requesting the withdrawal." *See also United States v. Ruiz*, 257 F.3d 1030, 1032–33 (9th Cir.2001) (en banc). The fair and just reason standard is generous, and meant to be "applied liberally." *United States v. Ortega–Ascanio*, 376 F.3d 879, 883 (9th Cir.2004); *see also United States v. Garcia*, 401 F.3d 1008, 1011 (9th Cir. 2005). However, a simple "change of heart" does not suffice to meet the defen-

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dant's burden. *See United States v. Rios–Ortiz,* 830 F.2d 1067, 1069 (9th Cir.1987).

The district court's finding, based in part on its first-hand observations during the plea colloquy, that Rangel's reasons for withdrawing his plea constituted only a change of heart is not clearly erroneous.

Rangel also argues that the district court erred in considering whether he claimed actual innocence of the counts charged. Again, we disagree. We have held that "a defendant's failure to proclaim his innocence should not count against him when he seeks to withdraw his plea under the 'fair and just reason' standard." *Garcia,* 401 F.3d at 1012. The district court did not run afoul of this rule. The court properly considered Rangel's partial denial of guilt because he raised innocence as one of the reasons for withdrawing his plea. The district court was within its discretion to credit Rangel's plea colloquy over his later, more general, statements that the charges were either overstated or incomplete.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.