**CORRECTED November 19, 2009 +**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 18 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30027 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-05368-RBL + |
| v. | |
| FRANCISCO RUBIO-PEREZ, also known as Primo also known as Boss | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted November 3, 2009
Seattle, Washington

Before: FERNANDEZ, KLEINFELD and CLIFTON, Circuit Judges.

Francisco Rubio-Perez appeals his conviction and sentence following his

guilty plea for possession of methamphetamine with intent to distribute in violation

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). He also appeals the district court's ruling that he was ineligible for the 18 U.S.C. § 3553(f) "safety valve" when being sentenced. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Federal Rule of Criminal Procedure 11(d)(2)(B) allows the withdrawal of a guilty plea prior to sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." "The decision to allow a defendant to withdraw his plea, however, lies within the discretion of the district court." United States v. Ruiz, 257 F.3d 1030, 1033 (9th Cir. 2001) (en banc). A denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Nostratis, 321 F.3d 1206, 1208 (9th Cir. 2003).

The district court did not abuse its discretion in denying Rubio-Perez's motion to withdraw his guilty plea, which he entered pursuant to a plea agreement. The district court rejected Rubio-Perez's claim that his counsel tricked him into pleading guilty, that his counsel was ineffective, and that Rubio-Perez was confused when entering his plea. In doing so, the court found Rubio-Perez's statements about his counsel's behavior "implausible to the point of incredibility." The court found Rubio-Perez's version of events leading to his guilty plea not to be

2

credible, stating that Rubio-Perez "and the truth bump into each other only by accident." In regard to Rubio-Perez's claim that he was confused when entering his plea, the court stated that, far from finding Rubio-Perez "naive" or "stupid," the court found him "clever in the extreme."

The record supports the district court's finding of fact that Rubio-Perez's account was false. Rubio-Perez has offered nothing in the record to rebut the court's findings or to cast doubt on the court's exercise of its discretion in finding no fair and just reason for allowing Rubio-Perez to withdraw his guilty plea.

Rubio-Perez also challenges his sentence, arguing that the district court erred by failing to apply the safety valve provisions of 18 U.S.C. § 3553(f). Reviewing the court's factual findings for clear error, United States v. Mejia-Pimental, 477 F.3d 1100, 1103 (9th Cir. 2007), we are not persuaded.

The court found that Rubio-Perez failed to undertake a good-faith effort in providing truthful information concerning all his knowledge about the offenses in question. For example, Rubio-Perez denied that he and "Primo" were one and the same, maintaining that he was simply a first-time drug mule with no knowledge of

3

who gave him the drugs, or how and where his suppliers could be contacted. However, at the hearing on "safety valve" eligibility, the district court stated that "it seems clear to me that Mr. Rubio-Perez is Primo, was the source of the drugs, and under the circumstances, common sense, and everything [the court] knows about drug trafficking . . . that this was not the first time Mr. Rubio-Perez participated in a drug deal." The district court found that Rubio-Perez lied, a compelling reason to deny application of the safety valve.

**AFFIRMED**