**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50360 |
| Plaintiff - Appellee, | D.C. No. 2:04-cr-00373-R-1 |
| v. | |
| HAI WAKNINE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted October 5, 2010
Pasadena, California

Before: CUDAHY,[**] WARDLAW and W. FLETCHER, Circuit Judges.

Hai Waknine appeals the district court's denial of his July 1, 2009, motion to

withdraw the guilty plea he entered on June 13, 2006, to one count of RICO

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

conspiracy in violation of 18 U.S.C. § 1962(d). We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse.

## I.

The district court abused its discretion by failing to identify and apply the correct "fair and just reason" standard for requesting the withdrawal set forth in Fed. R. Crim. P. 11(d)(2)(B). *See United States v. Ruiz*, 257 F.3d 1030, 1031 (9th Cir. 2001) (en banc); *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc). Rule 11(d)(2)(B) was the correct standard because on appeal the Ninth Circuit had vacated the previously imposed sentence and remanded for resentencing. Therefore, there was no sentence imposed when Waknine moved to withdraw his guilty plea.

The district court also clearly erred by incorrectly finding that the July 23, 2008, Second Superseding Indictment, which repeatedly describes Waknine as a co-conspirator and which in part focuses on the extortion that served as the factual basis for Waknine's plea, had nothing to do with Waknine's case. *See United States v. Showalter*, 569 F.3d 1150, 1154 (9th Cir. 2009).

## II.

The record does not support any reason for affirming the district court's denial of Waknine's motion. *See, e.g.*, *Griffin v. Arpaio*, 557 F.3d 1117, 1121 (9th

2

Cir. 2009).  After Waknine pleaded guilty he obtained newly-discovered evidence in the form of conversations, which were described in the Second Superseding Indictment, corroborating his claimed defense of duress.  *See Showalter*, 569 F.3d at 1154 (9th Cir. 2009) ("Fair and just reasons for withdrawal include . . . newly discovered evidence . . . .") (quoting *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir.  2008)); *United States v. Garcia*, 401 F.3d 1008 (9th Cir. 2005).  These intercepted conversations were the only independent evidence (apart from his own testimony, or the testimony of his family members) that Waknine had acted under duress, and therefore it is plausible that a reasonable person in Waknine's position would not have pleaded guilty had he known about the newly-translated intercepts before he entered the plea.  *See, e.g.*, *Garcia*, 401 F.3d at 1011-12.

There is no indication on the record that (as the government argues) Waknine delayed for three years, that Waknine's reasons for withdrawal were not bona fide, or that the government would suffer great prejudice from allowing Waknine to withdraw his plea.  *See Garcia*, 401 F.3d at 1013.  The Second Superseding Indictment was not filed until July 23, 2008.  Waknine's appeal was pending before the Ninth Circuit until the mandate issued on October 8, 2008, thus depriving the district court of jurisdiction to act until after that date.  In the nine

3

months between October 8, 2008, and July 1, 2009, Waknine reasonably and properly sought and received continuances to prepare a sentencing memorandum and further investigate the facts underlying the Second Superseding Indictment. In February of 2009, Wakine and the government together sought and received a three-month continuance, in part to negotiate restitution issues. The only prospective prejudice to the government is that which normally accompanies retrial following an appeal.

## III.

In order to preserve the appearance of justice, we "exercise [our] supervisory power under 28 U.S.C. § 2106 to reassign this case to a different district court judge on remand." *Living Designs, Inc. v. E.I. Dupont De Nemours & Co.*, 431 F.3d 353, 372 (9th Cir. 2005). We therefore reverse and remand to the Clerk of the Central District of California for this case to be reassigned to a different district court judge and for consideration of whether the Second Superseding Indictment, filed under the same criminal docket number, should be reassigned to the same judge.

REVERSED AND REMANDED.