**NOT FOR PUBLICATION**

FEB 05 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10017 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00521-GMS-5 |
| v. | |
| AL-QUAN ROMAIN LOYAL, AKA Alquan Loyal, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted January 14, 2013[**]
San Francisco, California

Before: NOONAN, TASHIMA, and GRABER, Circuit Judges.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Al-Quan Romain Loyal appeals the district court's denial of his motion to withdraw his guilty plea as well as the sentence imposed by the district court, which included a career offender enhancement. We affirm.

The parties are familiar with the facts of the case. Loyal and his co-defendants were involved in a conspiracy to buy seven kilograms of cocaine from an undercover agent of the DEA. When defendants were arrested, the agents seized $104,000 in cash and an AK-47 that Loyal and his co-conspirators had brought to the scene of the transaction.

A grand jury indicted Loyal of conspiracy to possess with intent to distribute more than 5 kilograms of cocaine; attempt to possess with intent to distribute more than 5 kilograms of cocaine; possession of a firearm in furtherance of a drug trafficking crime; and a felon in possession of a firearm. Loyal pled guilty to all counts of the superseding indictment.

Later, Loyal filed two *pro se* motions: a motion to withdraw his guilty plea and a motion for change of counsel. The district court granted the second motion and conducted a hearing on Loyal's motion to withdraw from the guilty plea. At the change-of-plea hearing, the district court engaged in a colloquy with Loyal about whether he knowingly and voluntarily pled guilty, after which the district court denied his motion to withdraw the guilty plea. The district court sentenced

Loyal to 352 months in prison, which incorporated a career offender enhancement. The sentence was within the sentencing guidelines range.

With respect to the order denying withdrawal of the guilty plea, this court reviews for abuse of discretion. *United States. v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004). With respect to sentencing, a "district court's interpretation of the Sentencing Guidelines is a question of law which is subject to *de novo* review, while factual determinations made in the course of applying the guidelines are reviewed for clear error." *United States v. Lindholm*, 24 F.3d 1078, 1085 (9th Cir.1994).

A district court shall vacate the guilty plea when it is "'shown to have been unfairly obtained or given through ignorance, fear or inadvertence.'" *United States v. Rubalcaba,* 811 F.2d 491, 493 (9th Cir.1987) (quoting *Kercheval v. United States*, 274 U.S. 220, 224 (1927)). "The decision to allow a defendant to withdraw his plea, however, lies within the discretion of the district court." *United States v. Ruiz*, 257 F.3d 1030, 1033 (9th Cir. 2001) (en banc).

Loyal argues, as a fair and just reason to withdraw his guilty plea, that trial counsel was under a conflict of interest that was not disclosed to him or waived by him. This contention lacks merit. Trial counsel's indictment created no conflict of interest at the time of the plea because the indictment occurred months after Loyal

3

had knowingly and voluntarily pled guilty. Loyal's allegation that a conflict of interest existed is undermined by the fact that the district court had made inquires of Loyal as to whether he would waive any potential conflict and determined that he had done so.

Loyal's claim of ineffective assistance of counsel also lacks merit. A defendant claiming ineffectiveness must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). At the change-of-plea hearing, Loyal testified that he understood at the time he entered the plea that a lack of a plea agreement might subject him to a higher sentence. He testified that he understood that the statute allowed the district court to sentence him to life imprisonment. Loyal also testified that Moran had explained the strategy to him and that he heard Moran tell the judge that the plea was a tactical decision. Loyal's guilty plea was not unfairly obtained, nor was it given through ignorance, fear or inadvertence. The district court did not err in denying Loyal's motion to withdraw his guilty plea.

Loyal also contends that the district court erred in applying the U.S.S.G. § 4B1.1 career offender enhancement in determining his sentence. This contention also lacks merit. Loyal satisfies all three requirements for the career offender enhancement. He was thirty-five years of age at the time of the crimes for which he is being sentenced. Two of his convictions are controlled substance offenses. He has three prior convictions that qualify as either controlled substance offenses or crimes of violence.

Loyal also argues that the district court committed procedural error in sentencing him without properly considering "national disparities" among defendants. This claim also lacks merit. District courts are directed by statute to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In this instance, the district court judge stated that he must sentence Loyal "in a way that is not disparate, unfairly disparate to the sentences that I give to other defendants in similar circumstances." A district court "cannot compare a proposed sentence to the sentence of every criminal defendant who has ever been sentenced before." *United States v. Treadwell*, 593 F.3d 990, 1012 (9th Cir. 2010).

Conclusion. We affirm the district court's denial of Loyal's motion to withdraw his guilty plea. We also affirm his sentence.

5

AFFIRMED.