

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30227 |
| Plaintiff - Appellee, | D.C. No. 1:13-cr-00113-SPW-1 |
| v. | |
| FELIS LUSIANO ROMO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted June 8, 2016[**]
Seattle, Washington

Before: PAEZ, BYBEE, and CHRISTEN, Circuit Judges.

Felis Romo appeals his jury conviction and sentence for conspiracy to

possess methamphetamine with intent to distribute in violation of 21 U.S.C. § 846,

possession with intent to distribute methamphetamine in violation of 21 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 841(a)(1), and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err by denying Romo's motion to suppress. Romo argues that, absent the officers' illegal entry into the camper where he was staying and their decision to seize him, the officers would have lacked probable cause for the search warrant that led to discovery of the evidence he now seeks to suppress. But the officers' entry and resulting seizure of Romo were reasonable for two reasons. First, the officers were serving arrest warrants for people they knew lived on the property, and an arrest warrant "implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *Payton v. New York*, 445 U.S. 573, 603 (1980). When officers sought to enter the camper, only one of the people subject to arrest had been located, and officers knew someone was in the camper. Moreover, once officers discovered Romo, they acted reasonably by detaining him for their safety and to identify him. *See United States v. Christian*, 356 F.3d 1103, 1106–07 (9th Cir. 2004).

Second, officers could reasonably have thought the camper harbored someone who posed a danger, justifying a protective sweep under *Maryland v. Buie*, 494 U.S. 325 (1990). It was apparent that someone was in the camper, the

2

property was known to harbor drug dealers, and the officers had announced themselves and arrested people on the property. Under these circumstances, an officer could reasonably believe that the person in the camper posed a danger. *See United States v. Hoyos*, 892 F.2d 1387, 1396 (9th Cir. 1989) (officers reasonably feared for their safety from individuals hiding in a house thought to harbor drug dealers when officers had announced themselves and arrested someone outside the house), *overruled on other grounds by United States v. Ruiz*, 257 F.3d 1030 (9th Cir. 2001); *see also United States v. Arellano-Ochoa*, 461 F.3d 1142, 1146 (9th Cir. 2006) (defendant's furtive movements and hiding behind a door made it reasonable for officers to conclude there was a likelihood of danger to themselves).

2. The district court did not abuse its discretion by assigning two criminal history points based on Romo's prior conviction. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) ("The abuse of discretion standard applies to all sentencing decisions . . . ."). First, the district court was permitted to rely on the NCIC computerized criminal history records. *See United States v. Marin-Cuevas*, 147 F.3d 889, 895 (9th Cir. 1998). Second, the district court did not abuse its discretion by relying on the NCIC records instead of the sheriff's records. The Probation Officer explained that the NCIC records reflect actual

court records, she considered the NCIC records to be a more reliable indicator of the conviction, and it was her practice to rely on those records.

**AFFIRMED.**