**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-30213 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-05358 |
| v. | |
| George Edward Hernandez, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Argued and Submitted March 8, 2019
Seattle, Washington

Before:  GOULD and PAEZ, Circuit Judges, and JACK,** District Judge.

George Hernandez, Jr. ("Hernandez"), plead guilty to one count of

possession of a controlled substance with intent to distribute, methamphetamine, in

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and one count of possession

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Janis Graham Jack, United States District Judge for
the Southern District of Texas, sitting by designation.

of a firearm during and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On appeal, he challenges the district court's decision denying his motion to withdraw guilty plea and asserts that the appellate waiver in his guilty plea does not bar this appeal. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

1. Whether a defendant waived his right to appeal is reviewed *de novo*. *United States v. Rivera*, 682 F.3d 1223, 1227 (9th Cir. 2012). When a court informs a defendant of a right to appeal, "the court's oral pronouncement defeats a written appeal waiver." *United States v. Aguilar-Muniz*, 156 F.3d 974, 977 (9th Cir. 1998). Here, the magistrate judge ambiguously preserved Hernandez's right to appeal.

2. A denial of a motion to withdraw guilty plea by a district court is reviewed for abuse of discretion. *United States v. Ruiz*, 257 F.3d 1030, 1033 (9th Cir. 2001) (en banc). In order to withdraw a guilty plea, a defendant must present the district court with "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Information that was already known to the defendant or which the defendant had access to cannot be used as the basis of a motion to withdraw guilty plea. *See United States v. Fitzhugh*, 78 F.3d 1326, 1329 (8th Cir. 1996). Further, a defendant cannot base his or her motion on receiving inadequate legal counsel when counsel discussed the specific issues upon which defendant

now bases his or her motion to withdraw guilty plea. *United States v. Mayweather*, 634 F.3d 498, 506 (9th Cir. 2010). Given that Hernandez based his motion on the possibility of new evidence gleaned from legal strategies already discussed by previous counsel prior to his plea agreement, the district court did not abuse its discretion in denying the motion.

**AFFIRMED.**