**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

MAY 31 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-30011 |
| Plaintiff-Appellee, | D.C. No. 4:20-cr-00257-BRW-1 |
| v. | |
| SHAWN CHASE CODY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Bill R. Wilson, District Judge, Presiding

Argued and Submitted May 22, 2024
Anchorage, Alaska

Before: BYBEE, FRIEDLAND, and MILLER, Circuit Judges.

Shawn Chase Cody pleaded guilty to three counts of sexual exploitation of a

minor, one count of attempted sexual exploitation of a minor, and one count of

possession of child pornography. 18 U.S.C. §§ 2251(a), 2252A(a)(5)(B). Cody

appeals the district court's denial of his motion to dismiss the indictment, the

denial of two motions to withdraw his guilty plea, and the imposition of a 960-

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

month sentence. We affirm.

1. The district court did not err in denying Cody's motion to dismiss the indictment. "We review for abuse of discretion the denial of a motion to dismiss for impermissible pre-indictment delay. Post-indictment Sixth Amendment speedy trial claims are reviewed de novo." *United States v. Manning*, 56 F.3d 1188, 1193 (9th Cir. 1995) (citations omitted).

Cody argues that the district court erred in denying the motion to dismiss the indictment given the three-month delay between the execution of the search warrant and his indictment. "We apply a two-part test to determine whether preindictment delay denied due process: (1) the defendant must prove actual, non-speculative prejudice from the delay; and (2) the length of the delay, when balanced against the reason for the delay, must offend those 'fundamental conceptions of justice which lie at the base of our civil and political institutions.'" *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992) (quoting *United States v. Sherlock*, 962 F.2d 1349, 1353-54 (9th Cir. 1992)). The three-month delay between the execution of the search warrant and the indictment does not "offend . . . 'fundamental conceptions of justice,'" given the government's need to forensically analyze the evidence uncovered through the search warrant and to prepare for grand jury proceedings. The district court's decision not to dismiss the indictment was also consistent with Federal Rule of Criminal Procedure 48(b). *Id.*

at 1292 (holding that dismissal under Rule 48(b) is generally only proper "for delay that is purposeful or oppressive").

Cody next argues that the district court erred in determining that there was no speedy trial violation. The trial was continued several times, but many of those continuances were requested by Cody himself. Cody challenges one continuance that he did not request: In January 2021, the district court continued the trial after two general orders suspended jury trials to prevent the spread of COVID-19 and protect public health. The district court held that the continuance was excluded from the Speedy Trial Act's seventy-day limit under that Act's "ends of justice" provision, 18 U.S.C. § 3161(h)(7)(A). Cody argues that the district court did not make the factual findings necessary to exclude the time under that provision and that the exclusion was not sufficiently tailored to him. "A district court does not need to recite specific statutory language to satisfy § 3161(h)(7)(A) as long as its reasoning is sufficient to justify excluding the continuance from the [Speedy Trial] Act's seventy-day limit." *United States v. McCarns*, 900 F.3d 1141, 1144-45 (9th Cir. 2018). Here, the district court determined that a continuance was necessary based on the two general orders suspending trials, as well as the court's determination that the pandemic made it "unfeasible and inadvisable to summon potential jurors for jury trial proceedings." That was sufficient to justify excluding the continuance under the ends of justice provision. *United States v. Orozco-*

3

*Barron*, 72 F.4th 945, 954-55 (9th Cir. 2023) (holding that "the district court made the requisite findings under § 3161(h)(7)(A) . . . by relying on the chief judge orders in effect during the time period at issue," which "explained why it was necessary, in light of the global COVID-19 pandemic, to suspend jury trials," as well as the district court's own findings that a continuance was necessary to protect public health and safety), *petition for cert. docketed*, No. 23-6965 (U.S. Mar. 12, 2024). The district court was not required to make any more specific factual findings "particularized" to Cody.[1] *See id.* at 958.

Finally, the district court did not violate Cody's due process rights by denying his motion to dismiss without first holding an evidentiary hearing. A district court's denial of a defendant's request for an evidentiary hearing is reviewed for an abuse of discretion. *United States v. Schafer*, 625 F.3d 629, 635 (9th Cir. 2010). An evidentiary hearing is necessary only when "the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *United States v. Howell*,

---

[1] Cody has not explained why any other continuance was unwarranted, so any remaining challenges related to other continuances are forfeited.

Cody also states that the district court should have granted the motion to dismiss because the prosecution "gild[ed]" the indictment, but he makes no specific argument on this point. "[A] bare assertion in an appellate brief, with no supporting argument, is insufficient to preserve a claim on appeal." *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1079 n.26 (9th Cir. 2008) (en banc), *overruled on other grounds by Apache Stronghold v. United States*, 95 F.4th 608 (9th Cir. 2024) (en banc).

4

231 F.3d 615, 620 (9th Cir. 2000). Cody does not point to anything in his moving papers that would have led the district court to conclude that there were contested issues of fact bearing on his arguments. Even now, Cody has not identified any evidence that he would have presented at the evidentiary hearing. Thus, the district court did not abuse its discretion in denying Cody's request.

2. The district court did not err in denying Cody's two motions to withdraw his guilty plea. We review a denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Ruiz*, 257 F.3d 1030, 1033 (9th Cir. 2001) (en banc).

Cody argues that the district court should have granted his motion to withdraw his guilty plea for two reasons. First, Cody argues that after he pleaded guilty, he and his attorney became aware of *United States v. Hillie*, 14 F.4th 677 (D.C. Cir. 2021), and *Hillie* could have supported the argument that the conduct in this case did not fall within the statutory definitions of the charged offenses. *Hillie* was decided before Cody pleaded guilty, so it cannot serve as an intervening change in the law that would justify the withdrawal of his plea. *See United States v. Ensminger*, 567 F.3d 587, 592 (9th Cir. 2009). Moreover, *Hillie* is not the kind of change in the law that would support withdrawing a guilty plea. "A marked shift in governing law that gives traction to a previously foreclosed or unavailable argument may operate as a fair and just reason to withdraw a guilty plea," but "[a] development in non-binding authority . . . is not a change in the law in this sense

5

and therefore does not constitute intervening circumstances satisfying a defendant's burden under Rule 11(d)(2)(B)." *Id.* (quotation marks omitted). Cody has not explained why he was unable to argue that his conduct did not fall within the statutory definition of the offenses prior to *Hillie*.[2] *See id.* at 592-93. Thus, the district court did not abuse its discretion in determining that *Hillie* did not constitute an intervening circumstance that would justify withdrawal of Cody's plea.

Second, Cody argues that the district court should have granted his motions to withdraw his guilty plea because he erroneously believed that there was no basis to challenge the search warrant. He asserts that his original attorney did not respond to his inquiries about the warrant, misleading him into thinking that any challenge would be futile. The district court did not abuse its discretion in denying the motions on this ground. Cody was appointed new counsel on April 5, 2021, months before he pleaded guilty. Cody has not adequately explained why neither he nor his new counsel raised any objections to the search warrant prior to Cody's guilty plea in October 2021.

3. The district court did not err in imposing a below-guidelines sentence of 960 months. We review the district court's sentence for abuse of discretion.

---

[2] Cody argues that his previous counsel was ineffective, but he was appointed new counsel on April 5, 2021, months before he pleaded guilty.

*Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020). Cody does not argue that the district court erred in calculating the guidelines. At oral argument, he suggested that the district court inadequately explained the sentence, but he did not develop such an argument in his brief. In any event, we have held that "[a] within-Guidelines sentence ordinarily needs little explanation," and that is true *a fortiori* where, as here, a defendant challenges a below-guidelines sentence. *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Instead, Cody challenges only the district court's consideration of other, uncharged instances of abuse included in the Presentence Report and the district court's discretionary choice of sentence. A district court does not abuse its discretion in considering uncharged conduct during sentencing. *United States v. Fitch*, 659 F.3d 788, 795 (9th Cir. 2011). And the court did not clearly err in determining that Cody had committed other instances of abuse, based on the evidence presented to the district court, including statements from Cody's children described in the Presentence Report. *Id.* at 797 (reviewing factual findings underlying a district court's sentence for clear error); *United States v. Berry*, 258 F.3d 971, 976 (9th Cir. 2001) (holding that the district court may consider hearsay at sentencing, so long as it has "some minimal indicia of reliability" (quoting *United States v. Petty*, 982 F.2d 1365, 1369 (9th Cir. 1993))). The government was not required to prove these facts beyond a reasonable doubt. *See United States*

*v. Kilby*, 443 F.3d 1135, 1140-41 (9th Cir. 2006). Considering Cody's repeated sexual exploitation of his own young children, the below-guidelines sentence of 960 months is substantively reasonable.

**AFFIRMED.**